Elizabeth MacKENZIE, Appellant,

v.

D. C. UNEMPLOYMENT COMPENSA-
TION BOARD, Appellee.

No. 21403.

United States Court of Appeals
District of Columbia Circuit.

Argued March 7, 1968.

Decided April 16, 1968.

Mr. Leonard N. Bebchick, Washington, D. C., for appellant. Mr. Stanley O. Sher, Washington, D. C., was on the brief for appellant.

Mr. F. G. Gordon, Jr., Attorney, District Unemployment Compensation Board, with whom Messrs. James M. Portray, Jr., and George A. Ross, Attorneys, District Unemployment Compensation Board, were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge:

Appellant filed with the District of Columbia Unemployment Compensation Board for unemployment benefits on March 7, 1967, and was found eligible. On April 12, an interstate "courtesy" report was filed with the Board by a St. Paul, Minnesota, agency indicating that Appellant was then in St. Paul, was available for work and was claiming benefits. Another such report was filed on April 19 containing a notation that Appellant planned to leave St. Paul on

April 21 and to stop in Chicago on her way back to Washington. This notice gave no new address.

On May 1 a claims deputy ruled that Appellant was not available for work and mailed formal notice of this determination to Appellant in St. Paul. On May 5 a letter to a similar effect was sent to Appellant in Chicago, to an address apparently obtained from a courtesy report filed from Chicago on May 4. Appellant returned to Washington, D. C., on May 11, without having received either letter. She filed her appeal from the decision of the claims deputy on May 15, by which time she had received notice of the decision. The appeals examiner dismissed her appeal as untimely. This dismissal was affirmed by the Board and the District Court.

The statute in question provides that an appeal from a decision of a claims deputy may be taken "within ten days after notification thereof, or after the date such notification was mailed to his *last known address*." 46 D.C.CODE § 311(b) (1967) (emphasis added). The Board relies on the May 1 notice as starting the ten-day period for taking an appeal because, in its view, that notice complies with the statutory requirement of notification mailed to Appellant's "last known address." We cannot accept this.

It is undisputed that the Board was aware that Appellant's stay in St. Paul was transient unless she obtained employment, and that the Board had been notified that Appellant intended to depart from the temporary address at which she was staying in St. Paul on April 21—ten days before the notice was sent to her there. It is also undisputed that the Board had in its files Appellant's Washington address which she had given as her address when she applied for benefits. The Board argues that it was forced to choose which address to mail the notice to, and that, not knowing how long it would take Appellant to return to

Washington and having (on May 1) no address for her in Chicago, its decision to mail notice to St. Paul was best calculated to give her early enough notice to permit an appeal. We are not impressed by the contention that, on the facts of this case, it was imperative for the Board to *choose* which of the two addresses to use. It would have been more in line with its statutory duty [1] for the Board to have mailed notice both to the St. Paul address and to the home address in Washington, D. C. than for it to conceive itself faced with a choice between the two addresses, choose the transient one it knew had been abandoned, and then rely on Appellant's failure to receive timely notice to deprive her of her right to an appeal.

██ Turning to the meaning of the statutory phrase "last known address", we are unable to agree with the Board's apparent contention that it is invariably the most recent mailing address. Where, as here, that address was known to be temporary and to have been abandoned by the time of mailing the notice in question, and where the Board had been given another, permanent, address, in the application which initiated the proceeding, we hold that sending notice only to the abandoned temporary address is not sufficient to start the period for taking an appeal. *See* Gregory v. United States, 102 Ct.Cl. 642, 662–64, 57 F.Supp. 962, 973 (1944); Conner v. Miller, 154 Ohio St. 313, 96 N.E.2d 13 (1950).

Upon this reading of the statutory notice requirement, the earliest time at which the ten-day period could have begun was May 5, when the letter was sent to Appellant in Chicago. Even that letter, however, was not accompanied by corresponding notice to the permanent residence of Appellant to which she had stated she was returning. But, whether the ten-day period started with the May 5 letter or at some later date is not consequential here since, once we have de-

---

1. The statute provides that when a determination has been made "the claimant and interested parties shall be given notice thereof and permitted to appeal therefrom." 46 D.C.CODE § 311(b) (1967).

termined the May 1 notice to be inadequate, the May 15 appeal was timely and should have been allowed.

We cannot refrain from observing that a hard pressed appellate court ought not be burdened—to say nothing of the burden on Appellant—with a full scale appeal to rectify Appellee's unwarranted bureaucratic arbitrariness. Nor should the District Court be inclined to give any "deference" to administrative determinations that reach such impermissible results.

Reversed and remanded.