**John HARRISON, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF HUMAN SERVICES,
Respondent.**

**Nos. 82–844, 82–1429, 82–1620 and 83–239.**

District of Columbia Court of Appeals.

Submitted Nov. 30, 1983.

Decided Feb. 13, 1984.

John Harrison, pro se.

Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief for respondent. Diana M. Savit, Asst. Corp. Counsel, Washington, D.C., also entered an appearance for respondent.

Before KERN and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

After a proceeding before the Department of Human Services, petitioner's public assistance payments were terminated. Petitioner makes several contentions on appeal, but we need concern ourselves with only one issue. He contends there must be a reversal, because despite objection, the witnesses at his hearing were not sworn. Apparently, the asserted basis for this failure was that it was not agency practice to do so.

The government concedes this was error because Section 205.5 of the procedural rules of the agency requires all testimony to be sworn. Furthermore, in *Dietrich v. District of Columbia Board of Zoning Adjustment,* 293 A.2d 470, 474 (D.C.App.1972), this court held that sworn testimony is required in contested cases, such as this.[1] The government argues, however, that the error was harmless as the agency's decision was based essentially on medical records. But, asserts the government, if the court does not agree it was harmless, all we need do is remand the record to permit the two agency witnesses to read and affirm their testimony under oath.

We view the procedural denial in this proceeding, however, as being so blatant as to require a new proceeding. We took this course in *Dietrich v. District of Columbia Board of Zoning Adjustment, supra,* though there were also additional procedural transgressions in that case. The requirement of sworn testimony goes to the essence of litigation.

In any event, on this record, we conclude the necessary course is to start afresh the evidentiary hearing.

*Reversed and remanded for further proceedings.*

---

1. Sworn testimony is implicit in the Administrative Procedure Act, D.C.Code § 1–1509 (1981).