Roderick CURTIS, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 84–735.

District of Columbia Court of Appeals.

Argued March 12, 1985.

Decided April 4, 1985.

J. Peter Byrne, Washington, D.C., Neighborhood Legal Services Program, with whom Lawrence E. Williams, Jr., and Mary Helen Gallagher, Neighborhood Legal Services Program, Washington, D.C., were on the briefs for petitioner.

N. Denise Wilson-Taylor, Washington, D.C., for respondent.

Before PRYOR, Chief Judge, and NEWMAN and TERRY, Associate Judges.

NEWMAN, Associate Judge:

Curtis seeks review of the determination of the Department of Employment Services (DES) that he is not entitled to unemployment benefits, a determination based on a finding that he had been fired by his employer for misconduct within the meaning of D.C.Code § 46–111(b) (1981 & Supp.

1984). Among other things, he contends there was no sworn testimony on behalf of his employer and that the findings of fact are not legally adequate. We agree, reverse and remand for a hearing de novo.[1]

Curtis was employed by the District of Columbia Library for approximately eleven years prior to his discharge in January 1984. The letter discharging him asserts as grounds therefor: repeated instances of absence without leave, insubordination, and inexcusable neglect of duty. Curtis filed a claim for unemployment compensation. A claims examiner denied benefits because Curtis had been discharged for misconduct. Curtis appealed and an evidentiary hearing was held by an appeals examiner. Curtis, Calvin Murphy (a representative of the District of Columbia government) and Eugene C. Brown (Curtis' supervisor at the Library) appeared. The transcript of the hearing certified to us as a true and accurate one by DES reflects that Curtis and Murphy were sworn and that Curtis and Brown gave testimony. There is nothing indicating that Brown was sworn. Murphy, acting as representative of the District of Columbia, introduced into evidence the letter of termination with supporting documents referenced therein. Brown then testified concerning many of the events referred to in the termination letter. Curtis then testified denying some of the events, denying he had violated rules of the employer, and testified that the rules were not consistently applied. The appeals examiner affirmed the finding of misconduct and benefits disqualification. His Findings of Fact in their entirety read:

Claimant started work for the Public Library in 1973, last worked as a technician, and was removed from office January 13, 1984. Reasons for the removal included three days' suspension in March 1983 for neglect of duty, absence without leave during March, April, September, October and acts of insubordination during July, September and October.

After exhausting his administrative appeals, Curtis filed the petition for review here.[2]

▮▮▮▮ The burden of proving misconduct within the meaning of § 46–111(b) is upon the employer. *Hawkins v. District Unemployment Compensation Board,* 381 A.2d 619, 622 (D.C.1977); *Green v. District Unemployment Compensation Board,* 346 A.2d 252 (D.C.1975). Where the misconduct consists of a violation of rules of the employer, the rules must be reasonable; their existence must have been made known to the employees, and they must be consistently enforced. *Hawkins v. District Unemployment Compensation Board, supra,* 381 A.2d at 622; 18 DCRR § 4613.4 (1983). Sworn testimony is required in contested cases such as this one. *Harrison v. District of Columbia Department of Human Services,* 472 A.2d 405, 406 (D.C.1984); *Dietrich v. District of Columbia Board of Zoning Adjustment,* 293 A.2d 470, 474 (D.C.1972). The agency must make a finding of fact on each material issue of fact and those findings must be supported by substantial evidence. *George Washington University v. District of Columbia Board of Zoning Adjustment,* 429 A.2d 1342, 1345 (D.C.1981). Where there is a failure to make appropriate findings or where they are unsupported by the evidence, we must reverse. *Id.*

The "Findings of Fact" in this case address *none* of the material issues of fact. Rather, the appeals examiner did no more than state the grounds asserted by the employer for discharging Curtis. No one disputes that the employer stated in its termination letter that these were the grounds for discharge. What is contested is whether the *evidence* before the appeals examiner proves that Curtis had done the things alleged, and, as to some of them, that they violated reasonable, known rules of the employer which were consistently enforced. About these issues, the appeals

---

**1.** In light of our ruling on these issues, we need not consider Curtis' other contentions.

**2.** At no point in the administrative appeals process were the Findings of Fact enlarged.

examiner said nothing. Further, there was no sworn testimony on which the appeals examiner could have made any findings of fact.[3]

Either of these errors—inadequacy of finding of fact or failure to swear witnesses—would mandate reversal.

*Reversed and remanded.*

**3.** Indeed, with the exception of one or two of the events asserted as constituting misconduct, Brown did no more than read into the record the pertinent document which had already been introduced into evidence without there being any indication that Brown had any personal knowledge of the facts. With respect to the events which were claimed to violate the employer's rules, there was *no* evidence that the employer's rules were consistently enforced to rebut Curtis' testimony that they were not. The documentary evidence is mute on this point as was Brown during his testimony.