**Michelle B. BUCKMAN, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 84–743.

District of Columbia Court of Appeals.

Argued Oct. 1, 1985.

Decided March 5, 1986.

Steven M. Buckman, Washington, D.C., for petitioner.

N. Denise Wilson-Taylor, Washington, D.C., for respondent.

Before PRYOR, Chief Judge, MACK, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Michelle Buckman has petitioned this court to review a final decision of the Dis-

---

trict of Columbia Department of Employment Services (the Department) disqualifying her from receiving unemployment compensation because she voluntarily left available work without good cause connected with her work. D.C. Code § 46–111(a) (1985 Supp.). We reverse and remand this case to the Department for further proceedings consistent with this opinion.

Buckman was employed as a full-time senior accountant in the financial reporting department of TRT Telecommunications Corporation of Washington, D.C. In August 1983, she informed the management that she would be taking extended maternity leave (three months) due to her high risk pregnancy. She left the company on leave in December 1983. At the time, she was a salaried employee receiving compensation at the rate of $16,000 per annum. Buckman had been with the company since March 1981.

At the Department appeals hearing on her unemployment compensation claim, Buckman testified that while on maternity leave, she was informed by her supervisor at the company that upon her return she would be assuming the responsibilities of an accounting clerk, but that this would not result in a reduction in salary. Buckman felt that this amounted to a demotion, as she had previously been a "professional" accountant and her new position was entry level and "subprofessional," and consequently resigned. She admitted that the company had not solicited her resignation; she testified, however, that she had been told that an accountant had been hired to replace her and that she was forced to resign in lieu of accepting a "substantial down grade in responsibilities." She also

testified that in her new position there would have been no opportunities for advancement or promotion, and that she would have never been asked to take on professional responsibilities.

On the bases of Buckman's testimony, and the representations on her initial claim form, the Appeals Examiner concluded that she was disqualified from receiving unemployment compensation because she had voluntarily left the company without good cause connected with her work.[1] This decision was later affirmed by the Department's Office of Appeals and Review (OAR). Buckman then petitioned this court for review.

We do not reach the issue which would seem to be central to this appeal, *viz.*, whether the record supports the Department's determination that Buckman had failed to establish "good cause" for leaving available work. *See* D.C. Code § 46–111(a) (1985 Supp.); 28 D.C. Reg. § 4612.5 (1981); *see also Bowen v. District of Columbia Department of Employment Services*, 486 A.2d 694, 698 (D.C.1985); *Kramer v. District of Columbia Department of Employment Services*, 447 A.2d 28, 30 (D.C.1982). This is so because it appears that OAR considered material which was not properly before it in rejecting Buckman's final administrative appeal.

On May 3, 1984, several months after the Department's hearing on Buckman's claim, OAR received a statement from her employer which categorically refuted her testimony before the Appeals Examiner.[2] Although it is not clear that OAR actually considered this statement in conjunction with Buckman's appeal, on May 10, 1984,

---

1. Buckman's claim for unemployment compensation was initially denied by a Department claims examiner in December 1983 for the same reason. Her representations on the initial claim form were consistent with her testimony at the Department hearing.

2. No representative of the employer appeared at this hearing, which was conducted on January 23, 1984. The employer's statement, however, advised OAR that if Buckman had returned to the company, "[t]he same position was available

to her at the same salary as when she went on maternity leave." The employer further informed OAR that Buckman "chose to resign because the company had hired a Senior Accountant whose specific experience in SEC [Securities and Exchange Commission] reporting skills were needed in connection with [a] contemplated public stock issue. The nature of [Buckman's] job, her job title, salary and service (seniority) were not affected."

OAR issued its final decision in the case, which it based in part on the "evidence given at the hearing and *statements on appeal*...." [Emphasis supplied.][3] Then on May 21, Buckman, through her counsel, urged OAR by letter to reconsider its May 10 final decision. Attached to this letter was a separate statement from Buckman which, in addition to recounting aspects of her testimony at the appeals hearing, served as additional evidence of the grounds upon which she refused to return to the company. However, on May 24, OAR reaffirmed its final decision in the matter which it, again, based on the evidence adduced at the hearing and "statements on appeal." In this latter "final decision," OAR noted that it had given "due consideration" to the contents of Buckman's letter requesting reconsideration of its May 10 decision, as well as the letter's "attachments," which included her evidentiary statement.

It is well settled that "OAR must base its decision solely on the record that was made before the appeals examiner; it is not empowered to receive additional evidence." *Bowen, supra,* 486 A.2d at 698 (citing D.C.

Code § 1–1509(c) (1981)); *see, e.g., Curtis v. District of Columbia Department of Employment Services,* 490 A.2d 178, 179–80 (D.C.1985). In our view, OAR's reference to "statements on appeal" in each of its final decisions in this case suggests that it considered the employer's evidentiary statement, in addition to that of Buckman, in rejecting Buckman's appeal. This was improper because neither statement was a part of the record made before the Appeals Examiner. OAR's decision, therefore, did not rest solely on evidence received at the Department hearing; post-hearing evidentiary submissions were improperly considered.

Accordingly, we reverse the Department's final decision and remand this case for a *de novo* hearing.

*So ordered.*

---

**3.** This final decision also noted that "[d]ue consideration ha[d] been given to the contents of the appeal filed by ... [Buckman's attorney], dated March 19, 1984." In that appeal, Buckman principally challenged the Appeals Examiner's findings of fact.