531 A.2d 999 (1987)
HILTON HOTELS CORPORATION, Petitioner,
v.
DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,
and
Patricia H. Sachko, Intervenor.
No. 86-1136.
District of Columbia Court of Appeals.
Submitted September 3, 1987.
Decided October 6, 1987.
*1000 Peter Chatilovicz and Deborah A. Folloni, Washington, D.C., on brief, for petitioner.
N. Denise Wilson-Taylor, Washington, D.C., on brief, for respondent.
Jane Lang McGrew, Washington, D.C., on brief, for intervenor.
Before NEWMAN and ROGERS, Associate Judges, and GALLAGHER, Senior Judge.
PER CURIAM:
Petitioner Hilton Hotels ostensibly terminated Patricia H. Sachko, an assistant manager, for photocopying two company documents that set forth the salaries of other managerial employees. Sachko gave these copies to her attorney for use in an ongoing lawsuit against Hilton, which alleged that Hilton paid her less than her male counterparts. Civil Action No. 85-1393 (D.D.C.). Sachko filed a claim for unemployment compensation with the District of Columbia Department of Employment Services ("DOES") and a Claims Examiner found her eligible for benefits. Hilton appealed this determination and a hearing was held before an Appeals Examiner, at which both Sachko and her supervisor testified. The Appeals Examiner found that Sachko had been discharged for misconduct and was ineligible for benefits. Sachko appealed this decision to the Office of Appeals and Review ("OAR"), which reversed the Appeals Examiner and issued a final DOES determination of eligibility. On appeal to this court, Hilton contends (1) that this decision is arbitrary and capricious and unsupported by substantial evidence, (2) that DOES erred by not giving Hilton an opportunity to respond to certain materials mailed by Sachko to the OAR during the final agency appeal, and (3) that DOES failed to consider exceptions filed by Hilton. We agree with Hilton's second contention. Accordingly we do not reach the other contentions and remand the case for a de novo hearing before the OAR.
During the pendency of her agency appeal, Sachko submitted four letters and attachments to the OAR. Hilton contends that these materials are inaccurate and, in any event, should have been presented at the hearing. Hilton correctly states that the District of Columbia Administrative Procedure Act ("APA") gives every party the right to submit rebuttal evidence. D.C. Code § 1-1509(b) (1981). It is also well settled that the "OAR must base its decision solely on the record that was made before the appeals examiner; it is not empowered to receive additional evidence." Bowen v. District of Columbia Department of Employment Services, 486 A.2d 694, 698 (D.C.1985) (citing D.C.Code § 1-1509(c) (1981)).
DOES responds that there is no evidence it ever considered this information. Its proposed and final decisions, however, were expressly based on "a careful review of the record, including the testimony and evidence presented at the hearing and all points in statements on appeal." (Emphasis supplied.) In a directly controlling decision, this court found that "OAR's reference to `statements on appeal' in each of its final decisions ... suggests that it considered the ... evidentiary statement." Buckman v. District of Columbia Department of Employment Services, 505 A.2d *1001 771, 773 (D.C.1986). We must therefore assume that DOES violated the APA by considering Sachko's submissions and remand the case for a de novo hearing. Id.
Reversed and remanded for proceedings consistent with this decision.