**Barbara Drayton ALLEN, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,**

**Poretsky Management, Inc., Intervenor.**

No. 86–584.

District of Columbia Court of Appeals.

Argued Feb. 11, 1988.

Decided March 9, 1988.

Bernard A. Gray, Washington, D.C., for petitioner.

Mary L. Wilson, Asst. Corp. Counsel, Washington, D.C., for respondent. James R. Murphy, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C., at the time the brief was filed, were on the brief, for respondent.

Susan S. Magazine, with whom Bruce Magazine, Rockville, Md., was on the brief, for intervenor.

Before MACK, NEWMAN and TERRY, Associate Judges.

TERRY, Associate Judge:

Petitioner Barbara Drayton Allen filed a Tenant Petition with the District of Columbia Rental Accommodations Office (RAO) challenging a rent increase sought by her landlord, Poretsky Management, Inc., for her apartment on Elmira Street, S.E. She asserted *inter alia* that she had not been given the required thirty-day notice of the increase, that the rent charged exceeded the lawful rent ceiling, and that the landlord had incorrectly calculated the base rent in his application for a hardship petition. A hearing examiner rejected all her arguments and dismissed the petition with prejudice. Allen then appealed to the Rental Housing Commission (RHC). On July 18, 1985, the RHC entered an order in which it affirmed most of the examiner's findings but reversed on the issue of notice, concluding that the record did not support the finding that Mrs. Allen had received the required notice of the rent increase. Accordingly, the RHC ruled that Mrs. Allen was entitled "to the relief sought." [1]

---

1. At all times pertinent to this case, D.C.Code § 45–1595(a)(1) (1981) provided *inter alia* that service of a document could be effected by handing the document to the person on whom it

The landlord filed in this court a petition for review of the July 18 decision. Soon after the record was filed, the Corporation Counsel, on behalf of the RHC, moved to remand the case for further proceedings on the ground that the RHC's order did not "adequately explain its reasons for reversing the hearing examiner's decision in this case." We granted the motion to remand. *Poretsky Management, Inc. v. District of Columbia Rental Housing Commission,* No. 85–1135 (D.C. December 26, 1985) (unpublished order). After the remand, the RHC on February 26, 1986, reversed its ruling and held that the hearing examiner's finding of proper notice was supported by substantial evidence in the record. Mrs. Allen, the tenant, then filed the instant petition for review. We hold that the finding of notice was not supported by substantial evidence, and thus we reverse the RHC's February 26 order.[2]

Shirley Beuch, a representative of the landlord, testified[3] that notice of the rent increase had been personally delivered to Mrs. Allen's apartment by Joseph Sprowl, a former employee of Poretsky Management, Inc. Sprowl himself did not testify, however, and Beuch had no direct knowledge that he had served the notice. Rather, she said that Mr. Sprowl customarily delivered notices on the day she sent them to him for service: "I just send them out to him, and he delivers them the day I send them to him." Since the notice was dated December 30, 1981, Beuch concluded that Sprowl had served it on that date. Beuch also provided the examiner with an "office copy" of the notice she had sent to Sprowl. In addition, she stated that she had taken special care to ensure that proper notice was provided to this particular tenant because she had denied receiving notices in the past. Mrs. Allen testified that she never received the notice in question and that she was not at home on the day the notice was allegedly served. She said that she first learned of the disputed increase when she received a summons for delinquent rent payments.

On this evidence the hearing examiner found that the landlord had provided Mrs. Allen with a proper thirty-day notice of the rent increase. That finding was ultimately upheld by the RHC after our remand in December 1985. We conclude, however, that it lacked the requisite degree of evidentiary support.

Both statute[4] and case law[5] require the findings of an administrative agency to be supported by substantial evidence on the record considered as a whole. The generally accepted definition of substantial evidence, which this court has applied in countless cases, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938) (citations omitted).[6] The evidence in this case does not meet that standard. We think the RHC was right the first time when it ruled on July 18, 1985, that the examiner's finding that Mrs. Allen received notice of the proposed rent increase was

---

was required to be served, or "by leaving it at the person's usual place of residence with a person of suitable age and discretion...." Notice of a rent increase had to be given to the tenant at least thirty days before its effective date; without such notice, the increase was invalid. D.C.Code § 45–1595(b) (1981).

2. In view of this holding, we need not consider any of the other issues which petitioner raises.

3. The record does not disclose whether Beuch's statements to the hearing examiner were made under oath, but for the purpose of this opinion we shall assume that they were. *But see Harrison v. District of Columbia Department of Human Services,* 472 A.2d 405 (D.C.1984).

4. D.C.Code § 1–1509(e) (1987) ("reliable, probative, and substantial evidence").

5. *E.g., Woodley Park Community Ass'n v. District of Columbia Board of Zoning Adjustment,* 490 A.2d 628, 640 (D.C.1985); *Perkins v. District of Columbia Department of Employment Services,* 482 A.2d 401, 402 (D.C.1984); *Washington Post Co. v. District Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C.1977).

6. An RAO regulation contains essentially the same definition:

That degree of relevant evidence which a reasonable mind, considering the record as a whole, might accept as adequate to support a conclusion that the matter asserted is true. 14 DCMR § 3201.4(a) (1986).

not supported by substantial evidence; the RHC erred when, on February 26, 1986, it reversed that ruling.

The examiner based his finding on the testimony[7] of Shirley Beuch and on the office copy of the notice which Beuch produced at the hearing. Neither was sufficient to prove that proper notice—or indeed any notice—was given to Mrs. Allen. Beuch testified only that she sent Sprowl the notice to be delivered and that Sprowl customarily served notices on the day he received them. At most, this showed that Sprowl received the notice and that he set out to deliver it to its intended recipient. Without some kind of representation by Sprowl, however, that he actually delivered the notice—*e.g.*, a notation at the bottom of the office copy, or a statement upon his return to the office that he had served Mrs. Allen—Beuch's testimony is not probative of delivery. Similarly, Beuch's statement that she took special care to ensure proper notice in this instance is not substantial evidence that her subordinate, Sprowl, served Mrs. Allen, since the only precaution Beuch took was to deliver the document to Sprowl. The office copy of the notice adds nothing to the landlord's proof. While it may show that an original notice existed, it does not show that the original (or another copy) was delivered to Mrs. Allen. *Cf. Brown v. General Motors Acceptance Corp.*, 490 A.2d 1125, 1127 n. 1 (D.C.1985) (evidence that a letter was mailed, without more, does not prove the date of mailing, even if the letter itself contains a date).[8]

We find no merit in the landlord's argument that the weakness of Mrs. Allen's testimony, which the hearing examiner rejected, supplied the substantial evidence to support the examiner's finding. The party asserting a particular fact has the burden of affirmatively proving that fact. D.C. Code § 1–1509(b) (1987); *see Jadallah, supra* note 8, 476 A.2d at 676. This burden cannot be sustained simply by showing a lack of substantial evidence to support a contrary finding.

In summary, we hold that the evidence presented by the landlord at the RAO hearing was insufficient to meet its burden of proof on the contested issue of notice. It follows that the challenged rent increase is invalid for lack of notice. The RHC's order of February 26, 1986, is accordingly reversed. This case is remanded to the RHC with directions to reinstate its earlier order of July 18, 1985, and to conduct such further proceedings thereafter as may be necessary to comply with this opinion.

*Reversed and remanded.*

---

7. See note 3, *supra*.

8. The parties have argued this case on the assumption that the evidence on which the examiner relied was hearsay. On its face, however, Beuch's testimony does not appear to be hearsay, for it does not purport to recount anything that Sprowl told her. In any event, for the purpose of our review, it makes no difference whether it was hearsay or not. Hearsay is generally admissible in administrative proceedings and can be regarded as substantial evidence. *E.g., Simmons v. Police & Firefighters' Retirement & Relief Board,* 478 A.2d 1093, 1095 (D.C. 1984); *Jadallah v. District of Columbia Department of Employment Services,* 476 A.2d 671, 676 (D.C.1984); *see* 14 DCMR § 3207 (1986) (RAO rules of evidence). The problem with the landlord's evidence here is not that it was hearsay, but that it failed to prove what it was offered to prove. Hearsay or not, it was not sufficient to support the hearing examiner's findings. *See McLean v. District of Columbia Department of Employment Services,* 506 A.2d 1135, 1137–1138 (D.C.1986); *Jadallah, supra,* 476 A.2d at 676–677.