**Johnny McCASKILL, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART- MENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 89–414.**

District of Columbia Court of Appeals.

Submitted Feb. 28, 1990.
Decided March 30, 1990.

As Amended on Motion to Reconsider or Clarify June 6, 1990.

---

Johnny McCaskill, pro se.

Michael A. Milwee was on the brief, for respondent.

FERREN, Associate Judge:

Petitioner was denied unemployment compensation benefits when a claims examiner found he had been discharged because of misconduct within the meaning of D.C. Code § 46–111(b) (1987). After filing a timely appeal, appellant failed to appear at the scheduled hearing. The appeals examiner issued an opinion stating the appeal was "dismissed" but also implicitly affirming the claims examiner by stating that the record disclosed "no reason to change" the original determination. Petitioner appealed that decision, claiming he never received notice of the hearing because the address on the notice did not include his apartment number. The agency affirmed the appeals examiner's decision, concluding both that proper notice had been sent to the address supplied by petitioner and that the findings of fact and conclusions of law were supported by substantial evidence. Although we agree that petitioner did have proper notice of the hearing, we conclude the claims examiner's original determination that petitioner was fired for misconduct was not supported by substantial evidence. Because the burden was on the employer to prove misconduct and the employer never met that burden, the agency's final determination—whether viewed as an affirmance of the original determination or as a dismissal of petitioner's appeal—was likewise improper. Accordingly, we reverse and remand for a new hearing.

I.

Petitioner was fired from his job as a driver for the mentally retarded and the handicapped when his employer observed him driving down the street with the side door of the van open while clients were in the van.[1] In the initial determination of

1. Both petitioner's own statement to the claims examiner and a letter from petitioner's employer to the agency cite this incident as the reason for his firing. After the decision of the appeals examiner but before the final decision of the

Office of Appeals and Review, the employer attempted to introduce a previous warning letter to petitioner about his use and maintenance of the van. Because of untimeliness, the agency refused to consider this evidence in making a

ineligibility, the claims examiner's only finding was that petitioner was fired for "violation of company's policy." The rest of the examiner's determination is a preprinted form stating, among other things, that "[t]his is considered 'misconduct occurring in the course of work.'" The form explained that the claimant was ineligible to receive unemployment benefits and notified the claimant of his right to appeal within ten calendar days.

Petitioner filed a timely appeal. The agency then sent a "Notice of Hearing" to the address he supplied—which did not include an apartment number—with an agency employee certifying the date the notice was sent. The notice stated that "[f]ailure of the Appellant or of an interested party to appear may result in dismissal of the appeal or other unfavorable Decision." When petitioner failed to appear at the scheduled hearing, the appeals examiner issued a decision which, on the one hand, purported to dismiss petitioner's claim, but, on the other hand, appeared to affirm the previous determination on the merits.[2] Petitioner filed a timely appeal, which stated in part: "If a letter would have come to my home I would have been here.... I do have an[ ] ap[artmen]t n[umber] that wasn't on the computer." In its final decision, the agency concluded that proper notice had been sent to the address supplied by petitioner and that "the findings of fact and conclusions of law are supported by and in accordance with reliable, probative and substantial evidence in this case...."

## II.

■ We agree with the agency's conclusion that petitioner was sent proper notice of the hearing. An agency must give notice " 'reasonably calculated to afford the party' an opportunity to be heard." *Carroll v. District of Columbia Dep't of Employment Servs.*, 487 A.2d 622, 623 (D.C. 1985) (quoting *Wise v. Herzog*, 72 App.D.C. 335, 337, 114 F.2d 486, 488 (1940)). Here, the agency mailed petitioner notice of the hearing, ten days in advance, to the exact address he had supplied on his forms. There is a presumption that correspondence mailed and not returned to the agency is received. *Id.* In addition, the agency provided sufficient evidence that the notice was mailed by having an agency employee certify that the notice was sent to petitioner at the address shown on October 25, 1988. *See Thomas v. District of Columbia Dep't of Employment Servs.*, 490 A.2d 1162, 1164 (D.C.1985) (evidence insufficient that notice was mailed absent any certification or description of agency mailing procedures).

■ To the extent that the agency by its action affirmed the original determination that petitioner was fired for misconduct, however, we cannot agree that such a determination was supported by "reliable, probative and substantial evidence" in the record. D.C.Code § 46–111(b)(2) defines "misconduct" as:

willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his [or her] employees, negligence to such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or showing an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.

In *Curtis v. District of Columbia Dep't of Employment Servs.*, 490 A.2d 178, 179 (D.C.1985), we stated:

The burden of proving misconduct within the meaning of § 46–111(b) is upon the employer. [Citations omitted.]

---

final determination. On remand, the employer will of course be free to introduce any evidence relevant to its claim that petitioner was fired for misconduct.

**2.** The substance of the decision in its entirety was as follows:

FINDINGS OF FACTS AND CONCLUSIONS: The claimant-appellant, although duly notified of the hearing, did not appear. The No-

tice of Hearing stated in pertinent part that failure to appear might result in dismissal of the appeal.

The available record discloses no reason to change the Deputy's determination. Claimant remains ineligible for benefits.

DECISION: The appeal is dismissed. The Deputy's Determination becomes final.

Where the misconduct consists of a violation of rules of the employer, the rules must be reasonable; their existence must have been made known to the employees, and they must be consistently enforced. [Citations omitted.] Sworn testimony is required in contested cases.... [Citations omitted.] The agency must make a finding of fact on each material issue of fact and those findings must be supported by substantial evidence. [Citation omitted.] Where there is a failure to make appropriate findings or where they are unsupported by the evidence, we must reverse. [Citation omitted.]

In this case, the only finding of fact ever made on the merits of petitioner's claim was the initial claims examiner's finding that petitioner was fired for "violation of company's policy." As explained in *Curtis,* a finding that an employee has violated company policy, by itself, is not enough to sustain a conclusion that the employee was fired for misconduct. *Id.* Among other things, the agency must make findings, supported by substantial record evidence, as to whether the employee was aware of the policy, *id.,* whether it was consistently enforced, *id.,* and whether the employee's violation was deliberate, D.C.Code § 46–111(b)(2). Thus, the claims examiner's determination that petitioner was fired for misconduct was not supported by substantial evidence. *See* D.C.Code § 1–1510(a)(3)(E) (1987).

Moreover, to the extent that the agency dismissed petitioner's timely appeal because he failed to appear at the hearing, we conclude this action was arbitrary and capricious. *See id.* § 1–1510(a)(3)(A). Petitioner's failure to appear at the hearing may have waived his right to present testimony, but, given the fact that the burden was still on the employer to prove misconduct, it did not waive his appeal. A dismissal was not legitimized by the fact that the "Notice of Hearing" stated that failure to appear at the hearing "may result in denial of benefits of the appeal." [3] While a claimant's failure to appear at a hearing where he or she bears the burden of proof [4] might lead to dismissal for failure to meet that burden, a failure to appear at a hearing where the opposing side bears the burden of proof is no different from appearing and declining to testify. The employer still must introduce evidence proving misconduct, and the examiner must make particular factual findings and legal conclusions based on that evidence.[5]

*Reversed and remanded.*

3. We note that the statement on the notice about possible dismissal contradicts the agency's own regulations. According to 7 DCMR § 307.3 (1986):

> If any party fails without good cause to appear at the scheduled time of hearing, the hearing examiner may continue the hearing to another date and time *or* may order the taking of the testimony as is available and proceed with a determination of the appeal on the basis of the evidence then and there available.... [Emphasis added.]

While the regulations do not state that granting a continuance and proceeding with a hearing are the two exclusive options of the hearing examiner, a reasonable reading of the regulation would be that automatic dismissal is not an option. In any event, our ruling here means at a minimum that when the burden of proof is not on the party who fails to appear, dismissal without addressing the merits is improper. The agency, accordingly, will want to consider the apparent inconsistency between 7 DCMR § 307.3 and its boilerplate statement in the "Notice of Hearing" that failure to appear "may result in dismissal of the appeal."

4. *See, e.g., Harris v. District of Columbia Dep't of Employment Servs.,* 476 A.2d 1111, 1113 (D.C.) (employee bears burden of showing "good cause" in voluntarily leaving job), *cert. denied,* 469 U.S. 863, 105 S.Ct. 200, 83 L.Ed.2d 132 (1984).

5. If, unlike the case here, the employer has already provided evidence to a claims examiner sufficient to meet its burden of proof, an appeals examiner may use that evidence in making factual findings and legal conclusions and may thereby sustain the employer's position in the absence of effective rebuttal evidence from the claimant.