Charles R. ALLEN, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 89–512.

District of Columbia Court of Appeals.

Argued March 26, 1990.
Decided July 18, 1990.

Charles R. Allen pro se.

Michael A. Milwee, for respondent.

Before NEWMAN and FERREN, Associate Judges, and PRYOR, Senior Judge.

FERREN, Associate Judge:

Petitioner seeks review of a decision by the Department of Employment Services ("DOES" or "the agency") ruling that he was ineligible for unemployment benefits. An agency claims examiner had made an initial determination that petitioner was eligible for benefits. The agency sent petitioner's employer, the District of Columbia,[1] notice of this initial determination. The District—which said it did not receive the notice and learned of the agency's determination only by chance—did not notify DOES it was appealing the determination until more than three weeks after the ten-day jurisdictional limit imposed by D.C. Code § 46–112(b) (1987) had expired. The only question before us is the timeliness of the District's appeal of the initial determi-

nation, which, in turn, hinges on the question whether DOES sent notice of the initial determination to the District's "last-known address" within the meaning of § 46–112(b). Either DOES properly sent notice to the District's "last-known address," with the result that the District filed its appeal too late; or DOES failed to use the proper address, with the consequence that commencement of the appeal period was tolled until the notice was actually delivered to the District. *See id.* Although the address to which DOES mailed the notice was not altogether incorrect, the agency's Office of Appeals and Review ("OAR") ultimately ruled that DOES knew of a more complete address that should have been used, that DOES accordingly did not send notice of its initial determination to the District's "last-known address," and thus that the District's appeal immediately upon learning of the agency's determination was timely. We conclude that this ruling is not supported by substantial record evidence. We therefore reverse and remand for further proceedings.

I.

On February 22, 1988, a claims examiner determined that petitioner was eligible to receive unemployment benefits. 7 DCMR § 305.5 (1986). The same day, the agency sent notice of the initial determination, including notice of the right to appeal the decision within ten days, to petitioner's employer at the following address:

D.C. Personnel
613 G St NW
Wash DC 20001

The District, as employer, filed an appeal on March 25, 1988–32 days after notice of the initial determination was mailed.[2] The appeals examiner held a hearing and issued

---

1. Petitioner had been employed by the District of Columbia Public Service Commission.

2. Jean Price, a representative of the District as employer, testified that during a conversation with someone in the "local office" (presumably of DOES) on March 25, 1988, the District discovered that petitioner was receiving benefits. She further testified that the District filed its appeal on that day. The appeals examiner credited this testimony, and the agency in its final decision

recites March 25 as the date on which the appeal was filed. There appears to be a discrepancy in the record about the date of the appeal, however, because the "appeal and hearing request" form (UC–401) indicates the employer's appeal was filed by mail and postmarked March 28, 1988. We need not resolve this discrepancy for purposes of our analysis, but for the sake of convenience we refer to March 25 as the date on which the employer filed its appeal.

a decision reversing the initial determination that petitioner was eligible for benefits. Petitioner appealed to OAR which remanded the case to the appeals examiner to determine, among other things, if the employer's appeal had been timely filed.

At the hearing on remand on the issue of timeliness, the District introduced a copy of an internal DOES memorandum, dated March 1, 1982, entitled "Forwarding of UC–170 Forms for District of Columbia Government Agencies." The memorandum, which presumably was evidence of an instruction from the District government (as employer) to DOES, stated in relevant part:

> Effective immediately, all UC–170's involving a District Government agency, as the last employer, must be sent to the following address:
>
> Mrs. Ruth Shuler
> Program Director
> Unemployment Compensation Monitoring Section
> D.C. Office of Personnel
> 613 G Street, N.W., Room 416
> Washington, D.C. 20001
>
> Batch the UC–170's separately and forward them on a daily basis, via the UI messenger service, to Mrs. Shuler's attention.

In submitting this memorandum at the hearing, Mr. Woods, a representative of the District of Columbia Personnel Department, initially testified that "all forms for the D.C. Government are supposed to be mailed to that address." Petitioner, however, objected to admission of the memorandum on the ground that it referred, only to 170 forms while the notice form at issue was different, a 142c form. Petitioner thus challenged "the employer's position that those are actual instructions for mailing 142 forms" and argued that the memorandum was "irrelevant to this particular form

—142C." The following exchange then took place at the hearing:

> MS. PRICE [employer's representative]: Maybe Mr. Woods can clear that up. Is that [memorandum] only for 170s or is that for all forms?
>
> MR. WOODS: I believe it is exclusive in the form that it is only for 170s.
>
> EXAMINER LaRUE: Are you still submitting this [memorandum] then?
>
> MR. WOODS: Yes. That is the most recent and complete instructions we have.

The remainder of the testimony on the subject was as follows:

> MS. PRICE: Are there any specific instructions for mailing out the 142s?
>
> MR. WOODS: Not the 142s.
>
> MS. PRICE: None.
>
> MR. WOODS: No instructions in writing.
>
> MS. PRICE: No instructions in writing. Okay, how are the 142s sent out?
>
> MR. WOODS: Ordinarily, they are mailed to the same address.
>
> MS. PRICE: Would that be anything or 170s only or anything going to Ms. Shuler?
>
> MR. WOODS: Anything having to do with D.C. Government claims goes to Ms. Shuler.
>
> \* \* \* \* \* \*
>
> MS. PRICE: Everything that comes from the local office going to Ms. Shuler should be going in the same fashion?
>
> MR. WOODS: Everything having to do with the D.C. Government claims should go to Ms. Shuler.

The appeals examiner ruled that the appeal was timely.[3] OAR agreed, basing its decision on the ground that

> [t]he employer's correct address and the address to which all correspondence from this Agency is mailed is as follows:
>
> D.C. Personnel
> 613 G Street, N.W., Room 414 [4]

---

**3.** The appeals examiner stated, in relevant part:

> A Notice of [claims examiner's] determination was mailed February 22, 1988. Employer stated that they never received the ... determination ( [form] 142[c] ). Employer stated that they became aware of the claimant's eligibility when talking with the local office on March 25, 1988 and filed appeal the same day. Claimant offered no testimony. Employer is credible. Appeal is timely.

**4.** There is a discrepancy in the record concerning the correct room number. The memoran-

Washington, DC 20001
Attn: Ruth Shuler

Because the notice was not sent to Ruth Shuler's attention in Room 414, OAR concluded there was "sufficient evidence in the record to support the employer's argument that they did not receive proper notice from this agency...." The employer's appeal, therefore, was deemed timely filed. OAR also concluded there was sufficient evidence to support the employer's claim that it had fired petitioner for misconduct. Accordingly, OAR affirmed the appeals examiner's decision denying benefits.

On appeal, petitioner does not challenge the merits of the agency's decision on misconduct but, rather, relies solely on his argument that the agency lacked jurisdiction to hear the District's appeal because the appeal was not timely filed. He argues that the memorandum and testimony offered at the remand hearing were insufficient to support the agency's conclusion that the District's "last-known address" for purposes of mailing 142c forms included Ruth Shuler's name and room number. Respondent DOES, in its brief on appeal, argues that by clear implication the address for mailing 142c forms is the same as the address for mailing 170 forms. DOES describes the 170 forms as "initial claim documents used to take initial claims, communicate the fact of claim filing to the separating employer, and obtain separation information from that employer." DOES maintains that "[i]t is simply not logical that the initial claim separation information would be obtained from one address and the results of the determination process [the 142c form] would be forwarded to another address."

## II.

■ D.C.Code § 46–112(b) provides that the agency's initial determination of a claim

for unemployment compensation benefits "shall be final within 10 days after the mailing of notice thereof to the party's last-known address or in the absence of such mailing, within 10 days of actual delivery of such notice." The ten-day limit is jurisdictional; the agency has no power to extend the limit based on the circumstances of an individual case. *Moore v. District of Columbia Dep't of Employment Servs.*, 524 A.2d 39, 40 (D.C.1987) (per curiam); *Gaskins v. District Unemployment Compensation Bd.*, 315 A.2d 567, 568 (D.C. 1974). Thus, if DOES properly mailed notice of the initial determination to the District's "last-known address," then the District's appeal—filed 32 days later—was untimely, and the initial determination that petitioner is eligible for benefits must stand. If, on the other hand, the address to which DOES mailed its notice was not the District's "last-known address" within the meaning of § 46–112, then the District's appeal was timely [5] and, as a consequence of the finding of misconduct, petitioner is ineligible for benefits.

■ Although OAR's decision did not track the language of the statute, OAR in effect ruled that because the address to which DOES mailed the notice did not include Ruth Shuler's name and room number, the agency had not complied with the statutory mandate to mail notice to the employer's "last-known address." *See* D.C.Code § 46–112(b). We agree that mailing notice to an address which is not as complete as the last address "known" by DOES does not comply with the agency's statutory notice requirement. *Id.* The question here, however, is (1) whether DOES's internal memorandum directing 170 forms to be sent to Ruth Shuler's attention logically establishes the District's

dum lists the room number as 416. The testimony at the hearing was also that the correct room was 416. In several other parts of the record, including the agency's final decision, the correct room is listed as 414. This discrepancy does not affect the result or the analysis of this case, however, because the address to which notice was mailed did not include either room number.

5. The appeals examiner credited the employer's testimony that it filed its appeal on the same day it learned of the initial determination. See *supra* note 2. No one disputes that if DOES did not use the employer's "last-known address," commencement of the appeal period was tolled until "actual delivery of such notice" to the employer. D.C.Code § 46–112(b).

"last-known address" for purposes of mailing notice of initial determinations on form 142c; or, if not, (2) whether the remaining evidence presented at the hearing was sufficient to establish the District's "last-known address" for form 142c purposes.

## A.

■ We cannot accept DOES's argument that, because it was on notice to send 170 (initial claims) forms to Ruth Shuler's attention and room number, it was "logical" also to send 142c (initial determination) forms to her attention and room number. It is true that, in deciding what is the "last-known address" for purposes of sending notice to an individual claimant, DOES can logically conclude that the address listed on the initial claim form is the claimant's address for all purposes, unless the claimant informs DOES of a more specific or different address. *See McCaskill v. District of Columbia Dep't of Employment Servs.*, 572 A.2d 443, 445 (D.C.1990). Employers, in contrast, are often large bureaucracies, such as the government of the District of Columbia in this case. As such, the employer may have one general address but may wish certain forms sent to one department, often to one individual's attention; it may want other forms sent to another department or individual; and it may want still other forms sent simply to the employer's general address. We do not believe it would be illogical, for example, for an employer to assign to one person or department the job of gathering the facts about a former employee's termination of employment, while assigning to another person or department the decision whether to file an appeal of DOES's initial determination of the employee's claim.

■ Rather than place DOES in the difficult position of having to guess whether it would be "logical" to send a given form to a certain individual's attention at an employer's particular address, we think the better rule is to require the employer to notify DOES with specificity if certain forms are to be sent to an individual's or a department's attention at a particular address.[6] Likewise, if an employer lodges a particular address for all other purposes, it is also the employer's responsibility to notify DOES of its correct mailing address for all other purposes. Otherwise, the employer may be at its peril if the agency sends a form not specified by the employer to a different (though valid) address of the employer.

■ This approach of requiring the employer to supply DOES with complete address information is no different from our approach in cases involving individual claimants.[7] For example, recently, in *McCaskill*, 572 A.2d at 445, we concluded that DOES had sent a claimant proper notice of a hearing when it sent the notice to an address that did not include the claimant's apartment number, because the agency had sent the notice to the exact address supplied by the claimant on his application forms. *McCaskill* implicitly relied on the premise that it was the claimant's responsibility to supply the agency with the most complete address necessary for proper delivery. Correspondingly, once a claimant has provided DOES with an address, the agency is required to send notice of any determinations to that address. *See MacKenzie v. District of Columbia Unemployment Compensation Bd.*, 129 U.S. App.D.C. 258, 259, 393 F.2d 659, 660 (1968) (concluding that Unemployment Compensation Board had not met statutory duty

---

**6.** We recognize that our concern for DOES's difficult position may appear somewhat anomalous in light of the fact that, in this case, DOES is arguing not that it was in a difficult position but, rather, that it made a mistake because it knew of a more complete address than it used. Perhaps, because the employer in this case is the District of Columbia, DOES may have based its conclusion that it made a mistake on sources that do not appear in the record. Whatever the explanation, we find insufficient evidence in the record to support DOES's premise that it "knew" the District's address for mailing 142c forms included Ruth Shuler's name and room number.

**7.** Nor is a requirement that the employer supply DOES with correct, exact, and updated address information particularly onerous in light of the fact that, by regulation, employers already have a duty to file quarterly reports with the Director of the agency. *See* 7 DCMR § 320.3 (1986).

when, although it had claimant's permanent Washington, D.C. address in its files, Board instead mailed notice of initial determination to claimant's more recent, but abandoned, mailing address in St. Paul, Minnesota).[8]

## B.

■    Given that the employer is required to supply DOES with complete address information, what may we conclude from the record here?  First, we at least can say that DOES's internal memorandum, by itself, does not establish the District's "last-known address" for form 142c purposes. The memorandum referred only to 170 forms and explicitly directed supervisors and managers to "[b]atch the UC–170's separately."  Woods testified that the directions in the memorandum were "only for 170s."  At most, DOES's awareness of a special-purpose address for 170 forms merely helps begin the inquiry about "last-known address" for 142c forms.  The address may—or may not—be the same in both cases.

Second, there is insufficient evidence of record for us to conclude that the address to which DOES sent notice of its initial determination—the D.C. Personnel Department's general address, without Shuler's name or room number—was the District's "last-known address" within the meaning of § 46–112(b) for form 142c purposes.  We have no record evidence that the District ever instructed DOES to send correspondence to this general address or that the District ever provided this address to DOES in response to some agency inquiry for address (or other) information.

■    Third, because of the lack of record evidence, we can draw no definitive conclusions from Woods' testimony about DOES's general mailing practices, i.e., that DOES "[o]rdinarily" sends 142c forms to

Ruth Shuler's attention and that "[a]nything having to do with D.C. Government claims goes to Ms. Shuler."  On the one hand, it is possible that the District previously provided DOES with its general personnel address—the address to which the agency sent the 142c form in this case.  In that case, testimony about DOES's ordinary practice of sending 142c forms to another address—i.e., to a particular room and to Ruth Shuler's attention—would not be sufficient to overcome the District's explicit instructions;  we would have to conclude that the District's "last-known address" for form 142c purposes was the general personnel address which DOES had been told to use and to which DOES mailed notice in this case.  Cf. MacKenzie. On the other hand, it is possible that the District never actually provided DOES with its general address for any purpose.  Although, as we stated, the District's failure to provide DOES with complete address information would mean "the employer may be at its peril," see supra at 691, DOES would still have an obligation to send out notice " 'reasonably calculated to afford the party' an opportunity to be heard."  Carroll v. District of Columbia Dep't of Employment Servs., 487 A.2d 622, 623 (D.C.1985) (per curiam) (quoting Wise v. Herzog, 72 App.D.C. 335, 337, 114 F.2d 486, 488 (1940) ).  In that case, where the employer has given DOES no general mailing instructions but has left it to the agency to gather address information on its own, we see no reason why DOES should not be able to look to a variety of sources, such as an address the employer has supplied on a quarterly report, see supra note 7, the telephone book, and the agency's own past mailing practices to determine what address is best calculated to give the employer notice.  Under those circumstances, therefore, evidence about

8.   We reject any argument that MacKenzie stands for the proposition that DOES must send notice to any possible address it has in its files and, therefore, that MacKenzie supports the District's position here.  The key fact in MacKenzie was that the Board knew that the St. Paul address to which it sent the notice was temporary and had been abandoned by the claimant.  129 U.S.App.

D.C. at 259, 393 F.2d at 660.  In contrast, here we cannot say DOES knew that the address to which it sent notice was incorrect because there is insufficient record evidence to determine whether DOES "knew" that the more specific address for 170 forms was also the correct address for 142c forms.

DOES's general practice of sending 142c forms to Ruth Shuler's attention rather than to the more general personnel office address, very likely would lead us to conclude that the District's "last-known address" for form 142c purposes is the address cited in the OAR's decision, which includes Ruth Shuler's name and room number.[9]

Finally, the basis for Woods' statement that "[e]verything having to do with D.C. Government claims *should* go to Ms. Shuler" (emphasis added) is, on this record, too conclusory to establish the District's "last-known address." The statement is essentially Woods' answer to the only legal question at issue in this case, yet the basis for the statement is notably unclear from this record—particularly in light of Woods' previous testimony that the internal memorandum pertained exclusively to 170 forms and that there are no written instructions for mailing 142c forms. Thus, without more, Woods' testimony is insufficient to support the OAR's decision.

In sum, we conclude there is not substantial evidence of record that the District's "last-known address" for form 142c purposes was the address cited in OAR's decision (which included Ruth Shuler's name and room number); nor is there substantial evidence of record that the District's "last-known address" was the address to which DOES mailed notice of its initial determination (the D.C. Personnel's general address). *See* D.C.Code § 1–1509(e) (1987); *Citizens Ass'n of Georgetown, Inc. v. District of Columbia Zoning Comm'n*, 402 A.2d 36, 41–42 (D.C.1979). We therefore cannot say the District employer's appeal was, or was not, untimely; the record is too incomplete for a definitive decision. Accordingly, the agency's decision to deny claimant's benefits is reversed, and the case is remanded for further proceedings.

*So ordered.*

PRYOR, Senior Judge, dissenting:

The majority provides that when an appeals examiner determines the "last known address" of an employer, he or she may not merely accept the agency's representation that it knew a certain address to be correct. Rather, even in cases such as this where there is no evidence to the contrary, the factfinder must inquire about the source of the agency's professed knowledge. The examiner then must determine the reasonableness of the agency's belief that it used (or in this case, did not use) the correct address.

While the procedure required by the majority is not itself objectionable, on the present record I conclude that a remand is unnecessary. Here, there was evidence that the agency normally sends 142c forms to a more precise address than it did in this case, and that the District never received the notice. Accordingly, it was proper for the OAR to conclude that the agency did not send notice to the District's "last known address." *See MacKenzie v. District of Columbia Unemployment Compensation Board*, 129 U.S.App.D.C. 258, 259, 393 F.2d 659, 660 (1968).

---

**9.** Of course, in the event the District has not provided DOES with general mailing instructions, petitioner will be free at the remand hearing to try to establish that DOES was unreasonable in looking to the internal memorandum about 170 forms and to its own past practices, rather than to other sources of address information.