James E. LEWIS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 87–730.

District of Columbia Court of Appeals.

Argued June 20, 1988.
Decided Aug. 18, 1988.

James E. Lewis, pro se.

---

Michael A. Milwee, Washington, D.C., for respondent.

Before MACK, NEWMAN, and ROGERS, Associate Judges.

PER CURIAM:

After termination of his employment at Crystal City Racquet and Health Club, petitioner filed, with respondent, a claim for unemployment compensation benefits. Initially, petitioner was determined to be eligible for such benefits. His former employer appealed. On January 6, 1987, a hearing was held and petitioner did not appear. Based upon the record, and the testimony on behalf of the employer, the Appeals Examiner reversed the initial eligibility determination. In denying unemployment benefits, the Appeals Examiner concluded that "[petitioner] was discharged for misconduct occurring in the course of his work consisting [of] repeated disregard of reasonable rules known to him [:] to be at his post when scheduled, to give proper notice of absence, and attend required staff meetings." *See* 7 DCMR § 312.3 (1986); D.C. Code § 46–111 (b) (1986 Supp.). Thereafter petitioner appealed to the Office of Appeals and Review (OAR), contending that his actions did not constitute misconduct sufficient to result in his termination; that he had not received proper notice of the appeals hearing; and that his employer misled the hearing officials as to the facts. The OAR, in affirming the Appeals Examiner's decision, concluded that the Appeals Examiner's findings of fact and conclusions of law were supported by substantial evidence. The OAR addressed petitioner's asserted reason for failure to appear at the January 6, 1987 hearing, *i.e.*, that he had been mistakenly informed by Agency staff to report to the local office (instead of the hearing site) on the scheduled date of the hearing. The OAR noted that "a careful review of the record" reflected that a Notice of Hearing had been mailed to the petitioner's correct address on December 23, 1986, and that the notice informed petitioner of the correct time, date, room number, and address of the scheduled hearing. The OAR also noted that petitioner had offered no evidence to support his contention that he was informed, at the local office by an Agency employee, that his hearing would be rescheduled (and that it was not necessary for him to report to the correct address). The OAR refused to receive written (and certainly probative) evidence submitted by petitioner, noting that it was required to base its decision solely upon the record made before the Appeals Examiner.[1]

We do not question the fact that the OAR was justified in basing its decision upon the record made before the Appeals Examiner. Its conclusive finding, however, that petitioner had received proper notice of the hearing, and in failing to report had forfeited his right to present evidence, is on this record, subject to serious question. Certainly OAR is entitled to argue that its copy of the Notice of Hear-

---

1. In response to the Office of Appeals and Review's Proposed Findings of Fact and Decision, petitioner submitted a letter in which he stated:

    I did not receive notification by mail.... The only reason I knew at all of the hearing was because at that time my weekly benefits had been delayed. I contacted my local office of employment service (at K Street, N.E.) ... [and] upon arrival (at the local office) the clerk told me that my previous employer had filed an appeal, but that it should not have affected my claim status at that time. I ... asked her when this appeal would take place and she told me January 6, 1987.... The clerk failed to inform me that the hearing would take place at 500 C Street N.W. so I assumed that it would take place where the first appeal had taken place: K Street N.E. On the day of the appeal that is where I reported to. After waiting a very long time I asked when the hearing would take place, the clerk at the desk asked which appeal it was and when she found out it was the second, she told me that they take place at 500 C Street. She then called down to the C Street office and found that ... at that moment the hearing was taking place. She informed them of what had transpired and asked them if they wanted me to still come down, she was told that the hearing would probably be rescheduled and that I didn't have to come in.... I am also enclosing a copy of my employment services card showing the signatures of the clerks I spoke with.

ing, with its verification of mailing date, (and respondent's assertion, at least, of non-return) raises an inference of receipt. *See, e.g., Carroll v. District of Columbia Employment Services,* 487 A.2d 622 (D.C. 1985). Here, however, the inference is not sufficient to justify the denial to petitioner of the right to present evidence. Petitioner has alleged that on his own initiative he reported to a local office on the date of the hearing, and was told by an agency employee who called the site of the hearing that the hearing was already in progress, that he need not report, and that the hearing would probably be rescheduled. He has supported this assertion with a copy of a "Reporting Schedule" bearing the initials of an agency employee with whom he allegedly spoke on that date. OAR has not disputed the authenticity of this documentary evidence. If petitioner is to be believed, he has been denied "the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (citations omitted).

Counsel for respondent at oral argument, has conceded, with candor, that remand for a rehearing might be appropriate. We think it is appropriate, and we therefore remand with directions that proceedings be reopened to permit petitioner to present evidence before an Appeals Examiner on the merits of his claim.

*So ordered.*