**COLUMBIA FINANCE COMPANY, Inc.,**
Appellant,

v.

**Ruth WORTHY, Appellee.**

No. 2088.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 18, 1957.

Decided May 5, 1958.

Seymour Korn, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellant.

Andrew W. Carroll, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

A jury awarded the plaintiff in this action compensatory and punitive damages for the unlawful repossession of her automobile. Defendant, Columbia Finance, appeals from the judgment entered on these

verdicts, contesting the submission of the issues on damages to the jury.

In August 1956 plaintiff obtained a loan of $425 from Columbia Finance, for which she executed a note secured by a chattel mortgage on her automobile. The terms of the loan provided for payment in twelve monthly installments of approximately $46 due on the 17th of each month. The entire transaction was negotiated through a Mr. Prince, vice-president of the defendant company, and plaintiff was expressly authorized by him to forward her payments by mail.

Some confusion arose as to interest and insurance charges requiring the assistance of counsel, and plaintiff's first payment, due September 17, was mailed through her attorney. Payments for the succeeding two months were mailed by plaintiff several days before the due date and credited to her account. It is the fourth payment, due December 17, that concerns us in this appeal.

Plaintiff testified that a check drawn in the proper amount, together with her payment book, was deposited in the mail at a post office in this city on Saturday morning, December 15. Her presence in the post office that morning was corroborated, and plaintiff stated the envelope bore her return address. On Monday morning, December 17, she called Columbia Finance, inquired as to its receipt, and was informed by Mr. Prince that he did not know whether the payment had been received as their mail was "all fouled up by the holidays." Sometime during the next night the automobile was repossessed by defendant. The following morning Prince denied receipt of the payment and rejected plaintiff's offer of cash or another check

for the sum due. He insisted on payment of the full balance and did not recall his telephone conversation with plaintiff on the 17th, though admittedly he was the only man in the office that morning at the time of the call. Prior to the repossession no attempt was ever made by defendant to inform plaintiff that the payment had not been received, and her check was never returned in the mail. At the conclusion of the evidence the jury returned verdicts of $33 in compensatory damages and $2,000 in punitive damages for the plaintiff.

On at least three occasions in the past the courts of this jurisdiction have held that upon proof of the mailing of a letter, properly addressed and stamped, a presumption is raised that it was received by the addressee.[1] Plaintiff's right to the benefit of this presumption was challenged by defendant in its motion for a directed verdict and again in its objection to a jury instruction consistent with the above holdings on the ground that no evidence was introduced as to the address on the envelope and prepayment of postage. Inasmuch as receipt of the payment determines the legality of the repossession, the ruling of the trial court that plaintiff was entitled to the presumption is the pivotal issue in this appeal. If a sufficient foundation in evidence warranting the presumption were not made, then there was no submissible jury issue as to receipt of the payment.

Had plaintiff's evidence on this issue consisted only of proof that the letter was mailed, we would not hesitate to hold that it was insufficient to support the presumption.[2] However, defendant, unlike a private individual, is a business firm with a well-known address. There is evidence in the record that plaintiff had

1. Campbell v. Willis, 53 App.D.C. 296, 290 F. 271; Fort Stevens Pharmacy v. Hollywood Credit Cloth. Co., D.C.Mun. App., 126 A.2d 309; Holt v. George Washington Life Ins. Co., D.C.Mun.App., 123 A.2d 619.

2. But see minority rule which holds that proof of mailing alone raises the presumption. Southern Engine & Boiler Works v. Vaughan, 98 Ark. 388, 135 S.W. 913; J. L. Price Brokerage Co. v. Chicago, R. I. & P. Ry. Co., 207 Mo. App. 8, 230 S.W. 374.

previously mailed two payments to it which were received, and the envelope containing the payment in question bore her return address and was never sent back. Factors such as these have been held to strengthen the presumption, and we are of the opinion that this evidence was sufficient to raise the presumption and counteract the absence of direct proof as to the missing elements.[3] The presumption is one of fact and is of course rebuttable. Defendant's denial that the letter was received did not nullify the presumption of receipt, but raised an issue of fact which was properly submitted to the jury for its determination.[4]

■■ The only remaining question of substance is defendant's contention that the court erred in submitting the issue of punitive damages to the jury. In a very recent decision this court ruled that a case is made for punitive damages upon a showing of conduct characterized by willfulness or malice, or by a course of action on the part of a defendant manifesting a wanton, reckless disregard for the plaintiff's rights.[5] There was evidence indicating defendant's resentment and indignation when, shortly after the loan was made, plaintiff found it necessary to retain an attorney. Mention of this fact was made by Prince when plaintiff's offer of payment by cash or check was refused. Throughout the entire transaction plaintiff exercised the utmost care and prudence to see that payments were properly made. On the morning of the day when payment was due, she called to inform them that it had been sent and inquired as to its receipt. After examining the mail, defendant's agent could easily have notified plaintiff of their failure to receive the payment, if indeed the envelope containing the check had not been received, and time would still have permitted her to make payment on the due date. Defendant chose instead to remain silent and repossessed the car the following night. Evidence of this kind was sufficient to form a legal basis for punitive damages. Defendant contends that the automobile was repossessed on advice of counsel. It appears, however, that defendant's attorney was not sufficiently informed of all the facts and was told only that the account was delinquent. Under the circumstances, this will not serve as a shield against punitive damages and was at most a factor to be considered by the jury.[6]

Affirmed.

---

3. 31 C.J.S. Evidence § 136. Cf. Mary Fletcher Hospital v. City of Barre, 117 Vt. 430, 94 A.2d 226.

4. Hartford Fire Ins. Co. v. Mutual Savings & Loan Co., 193 Va. 269, 68 S.E. 2d 541, 31 A.L.R.2d 1191.

5. Jackson v. General Motors Acceptance Corporation, D.C.Mun.App., 140 A.2d 699.

6. Scalise v. National Utility Service, 5 Cir., 120 F.2d 938.