**Ellen F. TOOMEY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 7662.

District of Columbia Court of Appeals.

Argued Jan. 22, 1974.

Decided Feb. 13, 1974.

---

Edward P. Barrett, Washington, D.C., for appellant.

James N. Dulcan, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington D.C., were on the brief, for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

PER CURIAM:

After an accident causing personal injury, appellant by certified mail (return receipt requested), gave notice to the District of Columbia (District), pursuant to D.C. Code 1973, § 12–309, that she intended to sue for damages she had allegedly sustained as a result of the alleged negligent maintenance and/or design of a sewer grating. This notice stated, however, that the accident had occurred north of a certain railroad bridge in this city when it fact it had occurred south of that bridge.

D.C. Code 1973, § 12–309 provides:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

When appellant later brought this action the District pleaded as an affirmative defense, the deficiency of the notice and later moved to dismiss the complaint on this ground. Appellant asserted that she had, within the six month period required by the statute, sent a letter, correctly indicating the location of the accident, by regular mail to the investigator assigned the case by the Corporation Counsel. The District denied receipt of this letter and at the hearing on a motion to dismiss the investigator for the District testified to this effect. The trial court found as a fact that the second letter had not been received and dismissed the cause. This appeal followed.

Appellant contends that there was insufficient evidence upon which the trial court could make a finding that the District of Columbia had not received a second notice giving the correct location of the accident as required by D.C. Code 1973, § 12–309[1]

---

1. Appellant did not contend that the first notice was sufficient to meet the requirement of the statute. This court and the trial court were thus not presented with the issue of whether that notice substantially complied with the statute and resulted in no prejudice to the District of Columbia, and, if so, whether the statutory requirements were thereby satisfied.

"[U]pon proof of the mailing of a letter, properly addressed and stamped, a presumption is raised that it was received by the addressee." Columbia Finance Company v. Worthy, D.C.Mun.App., 141 A.2d 185, 186 (1958). "The presumption is one of fact and is of course rebuttable." *Id.* at 187.

Here the defendant presented testimony of the addressee of the letter to the effect that the letter was not received. The testimony included a description of the normal business procedure utilized in his office for the receipt and filing of correspondence of the type at issue in this case. This evidence was "sufficient to rebut a prima facie case of [receipt] and create a true issue of fact to be resolved by the trier of facts. . . ." Allied American Mutual Fire Insurance Co. v. Paige, D.C. Mun.App., 143 A.2d 508, 510 (1958). *See* 9 Wigmore on Evidence, § 2519(1)(B)(a).

Upon this record we cannot say that the trial court's finding was plainly wrong or without support in the evidence. D.C. Code 1973, § 17–305(a). This being the only issue before us the judgment is

Affirmed.