Charles CHAVIS, Plaintiff,

v.

Margaret H. HECKLER, Defendant.

Civ. A. No. 81–2669.

United States District Court, District of Columbia.

Sept. 30, 1983.

Ruth Chamowitz, Charles M. Rust-Tierney, Joan H. Strand, Stephen J. DelGiudice, Community Legal Clinic, Washington, D.C., for plaintiff.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Chavis brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c), to seek review of the final decision of the Secretary of the Department of Health and Human Services denying plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* Both parties to this action have stipulated that the only issues in dispute are questions of law, and they have accordingly filed cross motions of judgment. For the reasons stated below, plaintiff's motion for judgment reversing the decision of the Social Security Appeals Council is granted and defendant is hereby ordered to pay plaintiff SSI benefits for the period from August 1979 through March 1980.

Plaintiff began receiving SSI disability benefits in January 1974. In May 1979, the Social Security Administration (SSA) determined that Chavis' disability had ceased and that Chavis' last month of entitlement to benefits was July 1979. On June 13, 1979, the Secretary sent plaintiff a written notice of the agency's findings and its intention to terminate his benefits as of July 1979, and set forth plaintiff's right of appeal. Although Chavis had previously requested that all notices be sent to his post office box rather than his residence because of "chronic mishandling of mail addressed to his street address," defendant sent the notice of termination to plaintiff's home address. The Administrative Law Judge (ALJ) found that Chavis never received the written notice and did not learn that his benefits had been terminated until he telephoned the SSA Office to inquire about his August 1979 benefits check. Plaintiff was not, however, told of his right to appeal at that time.

In March 1980, plaintiff reapplied for social security and SSI disability benefits. The Secretary denied both claims on the ground that Chavis did not satisfy the disability requirements of the Social Security Act. The Secretary also denied plaintiff's request for reconsideration. Chavis then sought and was granted a *de novo* hearing before an ALJ. The ALJ held that Chavis was not eligible for either Social Security or SSI benefits. Because the Secretary mistakenly sent the written notice of termination to the wrong address, however, the ALJ held that Chavis was denied his due process rights of timely notice guaranteed by the Constitution, the Social Security Act, and the applicable regulations. To make plaintiff "whole again," the ALJ awarded plaintiff SSI benefits for the months of August 1979 through March 1980, the time when plaintiff reapplied for benefits and had his claim reevaluated.

In June 1981, the Social Security Appeals Council notified Chavis that it was reopening the ALJ's determination pursuant to its authority under 20 C.F.R. § 416.1488–1489 to review the ALJ's authority to award SSI benefits to plaintiff for the months of August 1979 through March 1980. In its decision of August 31, 1981, the Appeals Council held that the ALJ lacked a legal basis to award compensatory damages against the Social Security Administration and that, in fact, Chavis' due process rights had not been violated. Accordingly, the Appeals Council reversed the ALJ's decision. Chavis does not challenge the SSA's determination that he is not disabled, rather he appeals only the decision of the Appeals Council reversing the ALJ's award of SSI benefits for the months of August 1979 through March 1980.

■ Recipients of welfare benefits have a protected property interest in the continued receipt of those benefits which cannot be terminated without the protections of due process. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Goldberg v. Kelly,* 397

U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The extent to which due process applies is influenced by the extent to which the recipient may be "condemned to suffer grievous loss." *Goldberg v. Kelly, supra,* 397 U.S. at 263, 90 S.Ct. at 1018.[1] SSI benefits are considered so vital that they can be terminated only after affording the recipient notice of the proposed termination and an opportunity for an evidentiary hearing. *Cardinale v. Mathews,* 399 F.Supp. 1163, 1171–75 (D.D.C.1975); *Johnson v. Mathews,* 539 F.2d 1111, 1120–22 (8th Cir. 1976). The SSA regulations incorporate these procedural due process requirements by requiring the Secretary to give advance written notice of his intent to terminate benefits and to inform the recipient of his right to appeal the decision before the benefits are terminated. 20 C.F.R. § 416.1336.

The Secretary does not contend that the constitutional and statutory requirements of notice and a pre-termination hearing are inapplicable in the case of SSI benefits. Rather, what is at issue in this case is (1) whether plaintiff received notice as required by due process, and (2) assuming plaintiff did not receive notice, what, if any benefits, is plaintiff entitled to receive.

■ First. The traditional standard for determining whether notice of a pending legal action conforms with the requirements of due process is whether the notice is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). What is reasonable depends on the circumstances of the case. Here, plaintiff specifically told the SSA to send all written communications to his post office box rather than to his home

address. Defendant recorded and entered plaintiff's change of address into its computers, but due to an admitted clerical error, sent the advance written notice of termination to plaintiff's street address. The ALJ found that Chavis did not receive actual notice of his termination and that defendant had not used the best possible procedure under the circumstances. See, Wright & Miller, Federal Practice and Procedure: Civil, § 1074 at 301. Accordingly, the ALJ found that the SSA had deprived plaintiff of his constitutional, statutory, and regulatory due process rights to reasonable notice of termination of benefits and appeal rights.

■ The Secretary maintains that by sending the termination notice to plaintiff's home address, the SSA did all that due process requires. In support of this argument, defendant advances two theories: First, defendant relies on the statutory presumption that a letter properly addressed, stamped, and mailed is evidence that it has been delivered to the addressee. This presumption, however, is rebuttable and disappears as a rule of law if the opponent offers some evidence to the contrary. *Legille v. Dann,* 544 F.2d 1, 5–6 (D.C.Cir. 1976). Based on evidence that plaintiff made a change of address request several months before the SSA sent the termination letter, defendant's admitted clerical error, and plaintiff's testimony that he never received the notice, the ALJ found that Chavis did not receive the advance written notice of the termination of his benefits and his right to appeal.

The Appeals Council, which unlike the ALJ did not have an opportunity to observe plaintiff's demeanor and thus could not evaluate his credibility, reversed the ALJ's finding of improper notice on the grounds that the ALJ failed to give proper weight

---

1. In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court identified three distinct factors for determining what process is due:

   First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the proba-

ble value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335, 96 S.Ct. at 903.

to the statutory presumption of due receipt. The Appeals Council found that plaintiff's "uncorroborated testimony" of never having received the termination notice was not sufficient to rebut this presumption. This Court finds that, as a matter of law, the evidence presented at the hearing before the ALJ was enough to rebut the presumption of due receipt. Furthermore, to require Chavis to corroborate his testimony concerning nonreceipt would be the equivalent of asking him to prove a negative. Nothing in the administrative record supports the Secretary's finding that Chavis knew or should have known of the termination of his benefits until August 1979 when he telephoned the SSA office to inquire about his August benefits check. However, even this notice did not satisfy due process because the SSA office did not inform Chavis of his right to appeal the decision.

■ Alternatively, the Secretary argues that even if plaintiff did not receive actual notice of the impending proceeding, he received adequate notice, which is all that the Constitution guarantees. Defendant asserts that the termination notice sent to plaintiff, albeit not to the post office box that plaintiff requested, was sent to his correct home address and therefore was adequate notice. This would be true but for plaintiff's earlier request that the SSA send all written communications to his post office box because of the chronic mishandling of mail sent to his home address. Accordingly, under the circumstances of this case, the written notice sent to plaintiff's home address was not reasonably calculated to inform plaintiff of the impending termination of his SSI benefits or his right to request a hearing. The Court thus concludes that the SSA violated plaintiff's procedural due process rights when it terminated plaintiff's benefits without actual or adequate notice of the termination and appeal rights.

■ Second. Because this Court has concluded that plaintiff's notice of termination did not conform with the requirements of due process, it must now resolve the second issue of what, if any benefits, is plaintiff entitled to receive. The ALJ found that plaintiff was entitled to the payment of SSI benefits through March 1980 because it was at that time that plaintiff received the evidentiary hearing he was entitled under due process. The Secretary rescinded the award of SSI benefits, holding that the ALJ lacks authority to impose sanctions against the SSA for an alleged violation of claimant's due process rights. The Secretary states that the only statutory avenue for recovering retroactive benefits from the SSA is if, at a hearing, the Secretary determines that the claimant was disabled during the time between termination of benefits and the subsequent hearing. 42 U.S.C. § 1383(b). Because the ALJ found that Chavis was no longer disabled, the Secretary asserts that Chavis received precisely the amount of benefits he would have been entitled to if he had received actual notice of the termination, filed an appeal, and lost. Any due process violation, therefore, constitutes "harmless error."

■ The Court rejects the Secretary's contentions and finds that the ALJ was correct in awarding plaintiff SSI benefits for the period of August 1979 through March 1980. The SSA's initial determination that Chavis was disabled creates a presumption that he remains disabled under the statute. See *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir.1983); *Kuzmin v. Schweiker*, 714 F.2d 1233 (3d Cir.1983). The ALJ found that plaintiff was not disabled and therefore not entitled to payment of SSI benefits based upon plaintiff's application filed in March 1980. This finding, however, does not rebut the presumption of Chavis' continued eligibility for the months of August 1979 through March 1980.

Furthermore, under 42 U.S.C. § 1381a, Congress gave every aged, blind, and disabled person who meets the eligibility requirements of the Act a substantive right to SSI benefits. In light of the preceding discussion, it is clear that these benefits cannot be terminated without notice and an opportunity for a pre-termination hearing.

The SSA was therefore under a mandatory duty to pay Chavis SSI · benefits until March 1980, the time when Chavis was finally granted an evidentiary hearing on his disability status.

 Despite the ALJ's characterization of the award as "compensatory damages," Chavis is not alleging an independent right of action for money damages against the government for violations of his procedural due process rights. Rather, he is seeking a judicial determination reversing the Secretary's decision that plaintiff was not entitled to benefits from August 1979 to March 1980. Accordingly, the doctrine of sovereign immunity does not preclude this Court from awarding plaintiff past due and wrongfully withheld SSI benefits. *Wright v. Califano*, 603 F.2d 666, 671 (7th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *Cash v. Califano*, 621 F.2d 626, 632 (4th Cir.1980).

For the reasons stated above, the Court rules that the notice of termination sent to plaintiff's home address was not "reasonably calculated" to reach plaintiff and therefore did not satisfy the requirements of due process. The Court further rules that the Secretary applied the wrong legal standards and that the Secretary's decision, which is not supported by substantial evidence, must be reversed.

### ORDER

For the reasons stated in the memorandum filed this date, it is this 30th day of September, 1983,

ORDERED That plaintiff's motion for judgment be and it is hereby granted, and it is further

ORDERED That the Secretary of Health and Human Services shall pay plaintiff Supplemental Security Income benefits for the months of August 1979 to March 1980, inclusive.