Robert L. CARROLL, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 84–565.

District of Columbia Court of Appeals.

Submitted Jan. 17, 1985.

Decided Feb. 13, 1985.

Robert L. Carroll, pro se.

Michael A. Milwee, Washington, D.C., was on the brief for respondent.

Before PRYOR, Chief Judge, and NEW-MAN and TERRY, Associate Judges.

PER CURIAM:

Petitioner seeks review of a decision by the Department of Employment Services, Unemployment Compensation Board (the Board) denying his application for unemployment benefits. His sole claim on appeal is that he was denied his due process right to notice with respect to his hearing before the appeals examiner. Finding no due process violation, we affirm.

Petitioner was employed as a housekeeper for Walter Reed Army Medical Center until he voluntarily resigned in December 1983. Thereafter, petitioner applied for unemployment benefits. On his application, petitioner claimed that he resigned "because I was told I would be fired if I didn't. I was accused of drinking on [the] job." A claims deputy reviewed petitioner's application and concluded that petitioner was ineligible for benefits because he resigned without "good cause connected with the work." See D.C.Code § 46–111(a) (1981); 18 DCRR § 4612.6(e) (1983).

A copy of this decision was mailed to petitioner at his home address—1267

Southview Drive, Apartment 202, Oxon Hill, Maryland 20745. The notice set forth the decision of the claims deputy, the reason for the decision, a statement outlining petitioner's right to appeal, and the procedural requirements associated with an appeal.

On December 29, 1983, petitioner filed a timely appeal and request for a hearing. On January 31, 1984, the Appeals Section of the Board mailed a notice of hearing to petitioner at his Oxon Hill, Maryland residence. The notice stated:

An appeal from a Determination made in the above claim having been filed by Claimant ..., notice is hereby given that said appeal will be heard at 11:30 a.m., on the 10th day of Feb. 1984 in Room 509 of the Employment Security Building, 500 C Street, N.W., Washington, D.C., 20001.

\* \* \* \* \* \*

Failure of the Appellant or of an interested party to appear may result in dismissal of the appeal or other unfavorable Decision.

Appellant failed to appear at the February 10 hearing. As a result, the appeals examiner dismissed the appeal, and the prior determination denying petitioner benefits was affirmed.

A copy of the appeals examiner's decision was mailed on February 17, 1984, to petitioner's Oxon Hill, Maryland address. The notice informed petitioner that his appeal had been dismissed and set forth the reasons for the dismissal. The notice also advised petitioner that the decision would become final unless petitioner filed a written appeal within ten days of the copy's date of mailing.

On February 27, 1984, petitioner filed a timely appeal from the appeals examiner's decision. Petitioner alleged that he had failed to appear at the February 10 hearing because he had never received the notice advising him that a hearing had been scheduled. When filing this appeal, petitioner listed his home address as 1267 Southview Drive, Apartment 202, Oxon Hill, Maryland 20745.

In a final decision dated April 12, 1984, the Acting Chief of the Office of Appeals and Review affirmed the decision of the appeals examiner. The final decision noted that

[A]t all times correspondence from this agency was mailed to claimant [sic] address given by him. There is a presumption that correspondence mailed and not returned to this agency ... has been received. No persuasive evidence has been presented to overcome that presumption ....

In this court, petitioner asserts that he was denied due process because he never received notice of the February 10 hearing before the appeals examiner.

■ In general, an individual is entitled to fair and adequate notice of administrative proceedings that will affect his rights, in order that he may have an opportunity to defend his position. In order to satisfy due process, notice "must be accomplished by a method reasonably calculated to afford the party" an opportunity to be heard. *Wise v. Herzog*, 72 App.D.C. 335, 337, 114 F.2d 486, 488 (1940); *cf. Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) (holding that service of process by mail is sufficient to give notice in most circumstances); *Coleman v. Scheve*, 367 A.2d 135 (D.C.1976) (same). The Constitution, however, does *not* require with regard to notice that "the state ... erect an ideal system for the administration of justice which is impervious to malfunctions." *Osborn v. Review Board of Indiana Employment Security Division*, 178 Ind.App. 22, 27, 381 N.E.2d 495, 500 (1978) (citing *Miedreich v. Lauenstein*, 232 U.S. 236, 34 S.Ct. 309, 58 L.Ed. 584 (1914)).

The statutory scheme applicable here requires that "an impartial hearing on the appeal shall be scheduled and written notice of the hearing shall be given to all interested parties." 18 DCRR § 4607.3 (1983). Similarly, all hearings before a

hearing examiner must be conducted "so as to ensure the protection of the substantial rights of the parties...." *Id.* at § 4608.1.

In the case at hand, the Board complied with the statutory notice requirements. The Board did in fact mail a notice of the hearing date and time to petitioner at the address petitioner had consistently listed, on all forms filed with the Board, as his home address. *Cf. MacKenzie v. District of Columbia Unemployment Compensation Board,* 129 U.S.App.D.C. 258, 259, 393 F.2d 659, 660 (1968) (due process not satisfied where Board mailed notice to temporary address instead of permanent address and notice was never received). Such notice was never returned by the postal service, to the agency, as undeliverable. Moreover, petitioner concedes that subsequent mail which was sent by the agency to petitioner at the same address was received.

We hold that the alleged failure of an individual to receive notice, under these circumstances, does not constitute a deprivation of due process. *Accord Osborn v. Review Board of Indiana Employment Security Division, supra,* 178 Ind.App. at 27, 381 N.E.2d at 500; *Lentz v. Commonwealth Unemployment Compensation Board of Review,* 43 Pa.Comnw. 544, 402 A.2d 1127 (1979); *Mihelic v. Commonwealth Unemployment Compensation Board of Review,* 41 Pa.Comnw. 546, 399 A.2d 825 (1979). Accordingly, the Board's decision is affirmed.

*So ordered.*