**Derek HILLIARD, Petitioner,**

v.

**ADECCO USA, INC., Respondent.**

**No. 05–AA–409.**

District of Columbia Court of Appeals.

Submitted March 14, 2006.

Decided April 27, 2006.

---

Derek Hilliard, pro se.

Before SCHWELB, FARRELL, and FISHER, Associate Judges.

Opinion for the court by Associate Judge SCHWELB.

SCHWELB, Associate Judge:

Derek Hilliard has asked this court to review a final order of an Administrative Law Judge (ALJ) of the Office of Administrative Hearings (OAH) dismissing as untimely Hilliard's appeal from the denial by the District of Columbia Department of Employment Services (DC DOES) of his claim for unemployment compensation. Although the equities favor Hilliard—the ALJ credited Hilliard's testimony that he did not receive notice of the denial within the ten-day statutory period, and Hilliard's employer effectively withdrew from the case—we are required, for jurisdictional reasons, to affirm.

## I.

The somewhat limited record before us discloses that Hilliard was discharged by his employer, Adecco, USA, Inc., for alleged misconduct. He applied for unemployment compensation, but on February 24, 2005, a DC DOES Claims Examiner found that he was

> discharged from [his] most recent work for unacceptable and improper conduct because [he was] found in the port-a-potty doing and [sic] illegal substance.

The Claims Examiner advised Hilliard that

> [y]ou are disqualified from receiving benefits from the date shown above until such time as you have been employed in each of ten (10) weeks (whether or not consecutive), have earnings from this employment equal to not less than ten (10) times your Weekly Benefit Amount, and become unemployed through no fault of your own.

The Examiner certified that a copy of her decision was mailed to Hilliard at 1916

22nd Street, S.E., Washington, D.C. 20020, on "2–24–05." In an accompanying "Notice of Appeal Rights," Hilliard was advised that he had the right to request a hearing before OAH and that

> [y]our hearing request must either be **POSTMARKED** by the U.S. Postal Service (rather than a private postage meter) or **ACTUALLY RECEIVED** by the Office of Administrative Hearings within ten **(10) days of the mailing date** of the claims examiner's determination that you are appealing, or, if this determination was not mailed to you, within ten (10) days of actual delivery of this determination.

On March 21, 2005, almost a month after the Claims Examiner issued her order, Hilliard signed a "Request for Hearing" in which he stated that

> I never received any documentation as to the reason why my claim has been denied. As of today I've yet to receive any paper in this matter; if I hadn't gone into the center I wouldn't have found out about my status.

Hilliard also submitted a statement that he had "never at any time been under the influence of anything legal or illegal while on the job," that this "slanderous" accusation had never been brought to his attention, and that he had been told that the reason for his discharge was "that I was late." Hilliard "respectfully request[ed] that I have the opportunity to address my [accuser] face to face."

On March 25, 2005, the Principal ALJ for the OAH issued an order scheduling a hearing in the matter for April 8, 2005. The Order apprised the parties, *inter alia,* that "since current information indicates that there are serious questions concerning the timeliness of the appeal, that issue will be considered at the hearing." The Order further stated that the issues to be considered include "Jurisdiction, including Timeliness, and Misconduct."

On April 4, 2005, a Claims Service Representative of the employer notified OAH that "I would like to withdraw our appeal [sic] as the 1st hand witness in this case is not available and will not be in the future." The employer thus effectively conceded, in advance of the hearing, that it could not present any evidence of misconduct on Hilliard's part. On April 8, 2005, the scheduled date for the hearing, Hilliard appeared *pro se,* but no one representing the employer was present.

On April 20, 2005, the ALJ issued a Final Order dismissing Hilliard's appeal on the ground that it was not timely filed and that the OAH therefore lacked jurisdiction over the matter. The ALJ's reasoning was as follows:

> In accordance with D.C. Official Code § 51–111(b), any party may file an appeal from a Claims Examiner's Determination within ten (10) calendar days after the mailing of the notice of the determination to the party's last-known address or, in the absence of such mailing, within ten (10) calendar days of actual delivery of the notice. The notice contains a certificate of service dated February 24, 2005. Therefore, the parties had until March 4, 2005 (ten calendar days) to file an appeal. Appellant's appeal was filed on March 22, 2005. The appeal was not timely filed.

> Appellant testified that he moved in the early part of March 2005. Appellant did not inform the Department of Employment Services ("DOES") of this change of address. However, at the time the Claims Determination was mailed in February, 2005, it was mailed to Appellant's last-known address.

> While I credit Appellant's testimony that he did not receive any mailings from DOES at his old address, his testimony does not provide a basis for overcoming the presumption "that correspondence mailed and not returned to

the agency is received." *McCaskill v. D.C. Dep't of Employment Servs.*, 572 A.2d 443, 445 (D.C.1990); *Dusenbery v. United States*, 534 U.S. 161, 167–71, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). Here there is an executed certificate of service, Appellant has confirmed that the service address used was his last-known address at the time of mailing, and there is a lack of evidence that the Claims Determination was returned as undeliverable. *Id.*

The issue of subject matter jurisdiction is a serious one, reflecting the legislature's determination as to what the outer bounds of this administrative court's authority is to hear and decide cases. This administrative court must adhere to these limits and is without authority to waive them. *Gosch v. D.C. Dep't of Employment Servs.*, 484 A.2d 956, 957 (1984) (holding no jurisdiction to consider an appeal where the time prescribed for filing has expired and noting that the Supreme Court has approved even shorter time limits in the face of due process challenges).

The District of Columbia Court of Appeals has long held that, if proper notice has been provided, the "ten day period for ... appeals under the Unemployment Compensation Act ... is jurisdictional, and failure to file within the period prescribed divests [an administrative tribunal] of jurisdiction to hear the appeal." *Lundahl v. D.C. Dep't of Employment Servs.*, 596 A.2d 1001 (D.C. 1991) (citing cases); *Gaskins v. District Unemployment Comp. Bd.*, 315 A.2d 567 (D.C.1974) (no jurisdiction to consider an untimely appeal even where notice of claims determination was received by appellant in aftermath of death in family). Appellate jurisdictional require-

ments cannot be waived. *Customers Parking, Inc. v. District of Columbia*, 562 A.2d 651, 654 (D.C.1989). Such jurisdictional requirements vindicate important legislative policies in preventing staleness and promoting repose where a matter has already been heard and decided by a lower tribunal.

Because "in order to act [this] [tribunal] must have jurisdiction[,]" *Slater v. Biehl*, 793 A.2d 1268, 1271 (D.C.2002), and it does not, this appeal must be dismissed.

## II.

On April 29, 2005, Hilliard filed a timely petition for review in this court. He stated in his petition that

[t]he appeal wasn't timely filed by no [fault] of my own. As I testified, that D.O.E.S. at no time sent any documents to the address where I reside. I didn't change my address because I was still living at the same address as soon as my checks started coming. Per my agreement with Mr. Williams.[1]

Hilliard subsequently filed a *pro se* brief. Together with the brief, he submitted a notarized statement from his prospective landlord, Michael Williams, stating that the arrangement between the two men that Hilliard was to live in Williams' basement at 1916 22nd Street, S.E., had not yet begun because Hilliard had not yet begun to receive unemployment compensation checks.[2]

The employer has filed nothing at all in this court.

## III.

We are confronted here with an extraordinary situation. Mr. Hilliard has been denied unemployment compensation for al-

---

1. Michael Williams was Mr. Hilliard's prospective landlord and friend.

2. This notarized statement was not before the ALJ, and we cannot consider it for purposes of this decision.

leged misconduct, but the employer has, for all practical purposes, acknowledged that it cannot prove the misconduct. The dismissal of Hilliard's claim is based upon his failure to file a timely administrative appeal, but he testified, without contradiction, that he never received notice of the denial of the claim, *and the ALJ expressly credited this testimony.* Nevertheless, we are compelled by our precedents to affirm the ALJ's decision.

■ We note at the outset that one aspect of the ALJ's decision requires some clarification. The ALJ wrote, as we have seen, that Hilliard's testimony that he did not receive any mail from DC DOES at his 22nd Street, S.E. address, which testimony the ALJ believed, did not provide a basis for overcoming the presumption that correspondence mailed but not returned to the agency has been received. This may be an overstatement. There is indeed a presumption, sometimes known as the "common law mailbox rule," *Huizar v. Carey,* 273 F.3d 1220, 1223 n. 3 (9th Cir. 2001), to the effect that a letter properly addressed, stamped, and mailed, and not returned to the sender, has been delivered to the addressee, but it is uniformly held that this presumption is rebuttable. *Toomey v. District of Columbia,* 315 A.2d 565, 567 (D.C.1974) (per curiam); *Columbia Fin. Co. v. Worthy,* 141 A.2d 185, 186 (D.C.1958); *Holt v. George Washington Life Ins. Co.,* 123 A.2d 619, 620 (D.C.1956); *Legille v. Dann,* 178 U.S.App. D.C. 78, 82–83, 544 F.2d 1, 5–6 (1976); *Huizar,* 273 F.3d at 1223 n. 3; 9 JOHN HENRY WIGMORE, EVIDENCE § 2519 (Chadbourn ed.1981). Hilliard's "denial that the [notice] was re-

ceived did not nullify the presumption of receipt, but raised an issue of fact which was properly submitted to the [trier of fact] for [her] determination." *Columbia Fin. Co.,* 141 A.2d at 187; *cf. In re D.R.J.,* 734 A.2d 162, 165 (D.C.1999). If the ALJ's observation that Hilliard's testimony "did not provide a basis" for overcoming the presumption was intended to signify that, as a matter of law, the presumption trumped Hilliard's testimony, then it was incorrect.[3] Accordingly, in this case, the presumption cannot be automatically invoked to establish, as a matter of law, that Hilliard *received* the notice; if proof that Hilliard in fact received it were required, the ALJ, as trier of fact, would be required to weigh Hilliard's testimony against the presumption.

■ Proof of receipt, however, is unnecessary. Although it may appear unfair from the perspective of a claimant for unemployment compensation to rule that he forfeits his right to a hearing by failing to file a timely appeal even in a case in which he has not received actual notice of the adverse decision, that is indeed the unambiguous import of our precedents. "In order to satisfy due process, notice must be accomplished by a method reasonably calculated to afford the party an opportunity to be heard." *Carroll v. District of Columbia Dep't of Employment Servs.,* 487 A.2d 622, 623 (D.C.1985) (per curiam) (quoting *Wise v. Herzog,* 72 App. D.C. 335, 337, 114 F.2d 486, 488 (1940)) (internal quotation marks omitted); *McCaskill,* 572 A.2d at 445; *see, generally, Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

**3.** Moreover, there is authority for the proposition that the presumption disappears entirely where, as in this case, the opponent has offered evidence to the contrary. *Legille,* 178 U.S.App. D.C. at 82–83, 544 F.2d at 5–6 (applying "bursting bubble" theory of presumptions, citing extensive Supreme Court and other authority therefor, and holding that

"the District Court erred in adhering to the presumption [that properly addressed, stamped and deposited mail is delivered to the addressee] in the face of the evidentiary showing which the Commissioner was prepared to make"); *see also Chavis v. Heckler,* 577 F.Supp. 201, 204 (D.D.C.1983).

"The Constitution, however, does *not* require with regard to notice that the state erect an ideal system for the administration of justice which is impervious to malfunctions." *Carroll,* 487 A.2d at 623 (citations omitted; emphasis in original). "[T]he alleged failure of an individual to receive [mail sent to the correct address] under these circumstances does not constitute a deprivation of due process." *Id.* at 624 (citations omitted). "Adequate" notice, rather than "actual" notice, is all that the Constitution guarantees. *Chavis,* 577 F.Supp. at 205. Moreover, in this case, the ALJ found that Hilliard had moved from the address last known to DC DOES and had not informed the agency of this change. Hilliard has not shown these findings to be clearly erroneous. *See Carroll,* 487 A.2d at 624 (noting that, as in the present case, the agency had mailed the required notice "to petitioner at the address petitioner had consistently listed, on all forms filed with the [agency], as his home address").

In the instant matter, the applicable statute requires a claimant to file his or her administrative appeal within ten calendar days of the mailing of the decision to the party's last known address. D.C.Code § 51–111(b) (2001). The certificate of service accompanying the DC DOES Claims Examiner's decision established that the agency had complied with their mailing requirement. Under our cases, due process demanded no more. Hilliard's failure to file his appeal within the statutory period deprived the OAH of jurisdiction, *see Gaskins,* 315 A.2d at 568, and the ALJ correctly so held. Accordingly, the decision of the OAH is

*Affirmed.*

SCHWELB, Associate Judge, concurring:

I join the opinion of the court; indeed, I am its author. I think it appropriate, however, to add a few comments from my own perspective.

Hilliard claims that he was wrongfully accused of misconduct and unlawfully denied unemployment compensation. By withdrawing from the case and acknowledging that it had no witness, the employer effectively conceded the merits of Hilliard's claim to such compensation. Any claim of misconduct has been waived.

Nevertheless, Hilliard loses because his appeal was untimely. Hilliard testified, however, that he never received notice of the Claims Examiner's decision until his time to appeal had expired. The ALJ credited this testimony. Moreover, it is undisputed that, as soon as he learned, by his own initiative, of the Examiner's adverse decision, Hilliard acted promptly to prosecute his appeal. It is difficult to imagine what more Hilliard could have done to protect his rights.

"Our duty, to paraphrase Mr. Justice Holmes in a conversation with Judge Learned Hand, is not to do justice but to apply the law and hope that justice is done." *Bifulco v. United States,* 447 U.S. 381, 402, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (Burger, C.J., concurring). In this case, the overall rule is not unreasonable; by holding that "actual notice" is not required where "adequate notice" has been provided, the courts avoid a swearing match in each individual case regarding receipt of actual notice. Nevertheless, I apprehend that in Mr. Hilliard's case, applying the law, as we are bound by our oath to do, has not vindicated the hope that justice be done. For these reasons, my vote to affirm is a reluctant one.