**KIDD INTERNATIONAL HOME CARE, INC., Petitioner,**

v.

**Eddie L. DALLAS, Jr., Respondent.**

No. 05–AA–130.

District of Columbia Court of Appeals.

Argued May 22, 2006.

Decided June 8, 2006.

Rosalind R. Ray for petitioner.

Before SCHWELB, REID, and FISHER, Associate Judges.

SCHWELB, Associate Judge:

On January 27, 2005, an Administrative Law Judge (ALJ) of the District of Columbia Office of Administrative Hearings (OAH) dismissed as untimely the appeal of Kidd International Home Care, Inc. (Kidd International or the employer) from the decision of a Claims Examiner of the District of Columbia Department of Employment Services (DC DOES) holding that Kidd International's former employee, Eddie L. Dallas, Jr., was eligible for unemployment compensation. Kidd International contends that it never received notice of the Claims Examiner's determination, and that the evidence that notice of that ruling was sent to Kidd International was insufficient. We agree and reverse.

**I.**

Although the record before us is somewhat sparse, it appears that on August 8, 2004, Mr. Dallas filed a claim with DC DOES for unemployment compensation benefits, contending that he had been discharged by the employer. In response to DC DOES' "Request for Separation Information," Mikeyla Kidd, the employer's Director of Human Resources,[1] advised that

---

1. In its brief, Kidd International describes its business as follows:

Kidd International Home Care, Inc., Petitioner, is a privately held, minority owned

Mr. Dallas had refused to perform certain tasks assigned to him by his supervisor, and that he had informed the supervisor that he had taken another job and was terminating his employment with Kidd International. An employee who voluntarily quits his employment without good cause connected with the work is disqualified from receiving unemployment compensation. D.C.Code § 51–110(a) (2001).

Kidd International represents in its brief that it received no response to the information that it had provided to DC DOES, and Ms. Kidd believed that the matter had been resolved. On October 13, 2004, however, Kidd International received from DC DOES an "Unemployment Compensation Benefit Charge Statement." In that document, the agency informed the employer that the employer was responsible for unemployment benefits to Mr. Dallas in the amount of $565.15. According to Ms. Kidd, this was the first notice received by the employer that Mr. Dallas had been found to be eligible to receive benefits. On the same day that she received this Statement, Ms. Kidd wrote a letter to OAH in which she informed that Office that the employer wished to appeal the award "because Mr. Dallas was not terminated or urged to relinquish his position, but quit of his own volition."

On November 4, 2004, an ALJ issued an Order to Show Cause on behalf of OAH directing the employer to explain in writing why its appeal should not be dismissed as untimely. The Order to Show Cause stated, in pertinent part:

[I]t does not appear that Appellant's request for a hearing was timely filed with [DC DOES] within ten days of service of the determination of the claims examiner, during the period of time when [DC DOES] had exclusive jurisdiction to hear such appeals.

On November 17, 2004, Ms. Kidd responded to the Order to Show Cause with a detailed letter in which she represented, *inter alia*, that

Kidd International did never and as of this date has never received any formal written decision by the hearing examiner regarding the case of Eddie Dallas. The first notice that Kidd International received indicating that Mr. Dallas had been awarded unemployment benefits came by way of an Unemployment Compensation Benefits Charge Statement (attachment 1) received on October 13, 2004. Upon the discovery that Mr. Dallas had been granted unemployment compensation I immediately contacted the Unemployment Office via telephone and was instructed to write a hearing request letter and send it to the Office of Administrative Hearings. I complied with those instructions and drafted an appeal letter on the 13th, which was received by your office on October 15, 2004 via certified mail. Had Kidd International been made aware of the Department's decision to award benefits prior to October 13, 2004 an appeal would certainly have been filed in a "timely manner."

On January 27, 2005, an ALJ issued a Final Order on behalf of OAH in which she dismissed the employer's appeal as untimely. The ALJ noted that "the ten-day period for appeals under the Unemployment Compensation Act is jurisdictional, and failure to file within the period prescribed divests an administrative tribunal of jurisdiction to hear the appeal." (Ellip-

company founded in 1973 for the purpose of developing and delivering business process outsourcing strategies for government and private industry. They specialize in customer service, health and human care, and information technology support.

sis and brackets omitted.) [2] With respect to the employer's contention that its appeal was not filed within ten days of the Claims Examiner's decision because it had received no notice of that decision, the ALJ stated:

> Appellant submits that it did not receive the Claims Examiner's determination. However, the determination contains language that it was "mailed to the employer named herein at the above address on 09–07–04." The determination was mailed to the same address Appellant has on its letterhead.[3]

This notation, according to the ALJ, was sufficient to trump the employer's claim of non-receipt.

The employer filed a timely petition for review, submitted a brief to this court, and presented oral argument. Mr. Dallas did not participate in the proceedings before the OAH or before this court.

## II.

■ As noted by the ALJ, the ten-day period within which the employer was required to file its appeal is jurisdictional, and OAH lacked jurisdiction over the matter if the appeal was not timely filed. *Lundahl*, 596 A.2d at 1002; *see also Hilliard v. Adecco USA, Inc.*, 897 A.2d 790 (D.C.2006) (citing authorities). We have held, however, that a prerequisite to invoking this jurisdictional bar is the agency's "obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal." *Thomas v. District of Columbia Dep't of Employment Servs.*, 490 A.2d 1162, 1164 (D.C. 1985) (per curiam) (quoting *Gosch v. District of Columbia Dep't of Employment Servs.*, 484 A.2d 956, 957 (D.C.1984)). The statute explicitly authorizes notice by mail, D.C.Code § 51–111(b) (2001); *see Hilliard*, 897 A.2d at 794, and there is no requirement that registered or certified mail be utilized. The agency must, however, provide satisfactory proof that the notice was in fact mailed to the correct address.

■ In the present case, the proof of mailing is inadequate. The question presented in *Thomas* was very similar to the issue now before us. In that case, the petitioner claimed, *inter alia*, that he had not received notice of an Appeals Examiner's decision which had reversed a favorable ruling of a Claims Examiner. The Appeals Examiner's decision was stamped "Dated and Mailed 28 Oct. 1983," and the petitioner's correct name and address were typed on the form. *Thomas*, 490 A.2d at 1163. There was, however, no certificate of service, and the court held that the notation was insufficient:

> In *Carroll v. District of Columbia Department of Employment Services*, 487 A.2d 622 (D.C.1985), we held that the alleged failure of the petitioner to receive notice "does not constitute a deprivation of due process." *Id.* at 624. In *Carroll*, however, the record evidence before the court was sufficient for it to conclude that "the Board did in fact mail a notice of the hearing date and time to petitioner" at his listed address. *Id.* In

**2.** OAH correctly cited *Lundahl v. District of Columbia Dep't of Employment Servs.*, 596 A.2d 1001 (D.C.1991), and *Gaskins v. District Unemployment Compensation Bd.*, 315 A.2d 567 (D.C.1974), in support of this proposition.

**3.** The determination by the DC DOES Claims Examiner that Mr. Dallas was entitled to compensation benefits is not in the record. Kidd International represents that it has never received that determination. The only indication that the determination was mailed to Kidd International is contained in the portion of the ALJ's decision quoted in the text preceding this footnote.

this case, in contrast, the record evidence is insufficient for us to conclude that either of the notices at issue were [sic] ever in fact mailed to petitioner. Although printed on both forms are the words "Dated and Mailed," followed by a date, the mere existence of these forms in the agency file does not constitute proof, in the absence of any certification or description of agency mailing procedures, that any notice was actually mailed. In light of the agency's failure to demonstrate proof of notice, we decline to conclude that petitioner was jurisdictionally barred from appealing the examiner's reversal of the claims deputy's award of benefits.

*Id.* at 1164; *accord, Dozier v. District of Columbia Dep't of Employment Servs.,* 498 A.2d 577, 578 (D.C.1985); *see also Bobb v. Howard Univ. Hosp.,* 900 A.2d 166(D.C.2006).

In our view, the present case is indistinguishable in principle from *Thomas.*[4] Accordingly, the decision of the OAH is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*[5]

4. This case differs materially from *Hilliard,* in which we held, somewhat reluctantly, that proof of service was sufficient. In *Hilliard* there was

> an executed certificate of service, Appellant has confirmed that the service address used was his last-known address at the time of mailing, and there is a lack of evidence that the Claims Determination was returned as undeliverable.

897 A.2d at 793 (quoting OAH decision in *Hilliard* ).

5. This case was previously consolidated by order of this court with No. 05–AA–131, *Kidd International Home Care, Inc. v. Vonda K. Prince.* We hereby sever the two petitions. No. 05–AA–131 remains pending.