KIDD INTERNATIONAL HOME
CARE, INC., Petitioner,

v.

Vonda K. PRINCE, Respondent.

No. 05–AA–131.

District of Columbia Court of Appeals.

Argued May 22, 2006.*

Decided Feb. 22, 2007.

* Proceedings in this case were stayed on June 22, 2006, pending the disposition of another matter.  The stay was vacated on December 12, 2006.

1084

Rosalind R. Ray, for petitioner.

No appearance for respondent.

Before REID and FISHER, Associate Judges, and SCHWELB, Senior Judge.**

SCHWELB, Senior Judge:

Kidd International Home Care, Inc. (Kidd or the employer) has asked this court to review a Final Order of the District of Columbia Office of Administrative

** Judge Schwelb was an Associate Judge of the court at the time of argument. His status

Hearings (OAH), in which the OAH ruled that Kidd was liable for unemployment compensation to its former employee, Vonda K. Prince, whom Kidd had discharged for gross misconduct. In so holding, the OAH reversed a determination favorable to the employer by a Claims Examiner of the District of Columbia Department of Employment Services (DC DOES). The basis for the OAH's ruling was that no representative of Kidd appeared at the hearing which had previously been scheduled by the OAH to consider the merits of Ms. Prince's appeal from the Claims Examiner's decision.

In effect, the OAH entered a default award in Ms. Prince's favor. Before this court, Kidd asserts that it received no notice either of Ms. Prince's appeal from the Claims Examiner's determination or of the scheduling of a hearing by the OAH. Ms. Prince, the respondent, has not filed a brief in this court or participated in any way in the proceedings before us. We reverse the decision of the OAH and remand the case to that Office for a hearing on the merits.

I.

On November 9, 2004, Kidd discharged Ms. Prince for the alleged sexual solicitation of a female customer. On November 14, 2004, Ms. Prince applied for unemployment compensation benefits. On November 23, 2004, the employer filed a detailed response to Ms. Prince's application, providing chapter and verse of Ms. Prince's alleged misconduct. On December 7, 2004, a Claims Examiner of DC DOES' Office of Unemployment Compensation ruled that Ms. Prince was disqualified from receiving compensation on account of her gross misconduct. Although the Certificate of Service accompanying the Claims Examiner's

changed to Senior Judge on June 24, 2006.

ruling was confusing and, in our view, inadequate,[1] his or her determination, which was accompanied by a "Notice of Appeal Rights," was evidently received both by Ms. Prince and by the employer, and it is a part of the record before this court.

On December 16, 2004, Ms. Prince appealed to the OAH from the decision of the Claims Examiner denying her benefits. The record indicates, however, that Ms. Prince did not serve a notice of her request for a hearing on the employer. Indeed, Ms. Prince's submission consisted of a single handwritten page on which she wrote:

> This is a request for a hearing.
>> Thank you
>> Mrs. Prince.

The record contains an envelope addressed to the OAH by Ms. Prince, but no indication that the employer was notified of Ms. Prince's request.

On December 28, 2004, the OAH issued a Scheduling Order directing the parties to appear before the OAH on January 13, 2005 at 10:30 A.M. The Order stated, *inter alia:* "Failure of a party to appear at the hearing may result in a default, dismissal, or other unfavorable outcome." The Scheduling Order was accompanied by a Certificate of Service which reflected that the Order was mailed to Ms. Prince and to

> Kidd International Home Care Service
> 6856 Eastern Avenue, N.W.
> Washington, D.C. 20012

No suite number was designated. The street address on the Scheduling Order corresponds to that reflected in Kidd's correspondence, except that Kidd's stationery shows that Kidd occupies Suite 286.

On January 14, 2005, an Administrative Law Judge (ALJ) of the OAH issued a Final Order in which she reversed the determination of the Claims Examiner and held that Ms. Prince was entitled to benefits. The ALJ so ruled because, to quote her Order:

> This administrative court [OAH] issued a Scheduling Order and Notice of In-Person Hearing on December 28, 2004, scheduling a hearing for January 13, 2005 at 10:30 a.m. Appellant Prince appeared on her [own] behalf; no representative of Appellee/Employer appeared at the January 13, 2005 hearing.

The employer filed a timely petition for review of the Final Order of the OAH. In the brief filed in support of its petition, the employer explained its position as follows:

> Without Kidd International Home Care, Inc.'s knowledge, Prince filed for an appeal of [the Claims Examiner's] finding and was given a court date. Kidd International Home Care, Inc. did not receive notice of this hearing's scheduling. When the uninformed Petitioners did not show for the hearing, Ms. Prince was gratuitously granted benefits and the Claims Examiner's findings were reversed as of January 13, 2005.

Although Ms. Prince and counsel for the Department of Employment Services were both served with the employer's brief, neither responded. Only counsel for the employer appeared for oral argument before this court.

## II.

Counsel for the employer represents, and it is indeed undisputed in the record,

---

1. The Certificate, on which the signature is partially illegible, states: "I certify that a copy of this document was mailed to the claimant/employer named herein at the above address on 12/7/04." There are two separate addresses on the form, one for Ms. Prince (the claimant) and one for Kidd (the employer). Moreover, the use of the slash in "claimant/employer" implies that the employer is the claimant. To avoid confusion, it would be advisable to use a more precise Certificate of Service in the future.

that although the OAH's Scheduling Order was accompanied by a Certificate of Service, the employer did not receive the Order. The employer contends that, under these circumstances, it was denied an opportunity for a hearing and deprived of property without due process of law.

▪▪▪ Assuming that Kidd in fact did not receive the OAH's Scheduling Order, that fact alone would not necessarily constitute a violation of due process. Although it may appear unfair, from the perspective of an employer, to be required to pay unemployment compensation as a result of the employer's failure to appear at a hearing of which it did not receive actual notice, such a result would be permissible, and consistent with our precedents, so long as notice of the hearing was properly mailed and not returned to the sender. "In order to satisfy due process, notice must be accomplished by a method reasonably calculated to afford the party an opportunity to be heard." *Carroll v. District of Columbia Dep't of Employment Servs.*, 487 A.2d 622, 623 (D.C.1985) (per curiam) (quoting *Wise v. Herzog*, 72 App. D.C. 335, 337, 114 F.2d 486, 488 (1940)) (internal quotation marks omitted); *see generally Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). But notice is "constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent." *Jones v. Flowers*, 547 U.S. 220, ——, 126 S.Ct. 1708, 1714, 164 L.Ed.2d 415 (2006). "The Constitution ... does *not* require with regard to notice that

the state ... erect an ideal system for the administration of justice which is impervious to malfunctions." *Carroll*, 487 A.2d at 623 (citations and internal quotation marks omitted; emphasis in original). "[T]he alleged failure of an individual to receive [mail sent to the correct address] under these circumstances does not constitute a deprivation of due process." *Id.* at 624 (citations omitted). "Adequate" notice, rather than "actual" notice, is all that the Constitution guarantees. *Chavis v. Heckler*, 577 F.Supp. 201, 205 (D.D.C.1983).

▪▪▪ The question in this case is whether the notice said to have been provided to the employer was constitutionally adequate. We held in *Thomas v. District of Columbia Dep't of Employment Servs.*, 490 A.2d 1162 (D.C.1985), that a notation in the agency record to the effect that notice was mailed was constitutionally insufficient:

> Although printed on both forms are the words "Dated and Mailed," followed by a date, the mere existence of these forms in the agency file do[es] not constitute proof, *in the absence of any certification or description of agency mailing procedures, that any notice was actually mailed.*

*Id.* at 1164 (emphasis added); *accord, Kidd Int'l Home Care, Inc. v. Dallas*, 901 A.2d 156, 159 (D.C.2006); *Bobb v. Howard Univ. Hosp.*, 900 A.2d 166, 168 (D.C.2006) (both quoting *Thomas* ). In this case, the Scheduling Order was accompanied by a Certificate of Service,[2] which arguably distinguishes the situation before us from *Thomas* and its recent progeny. Nevertheless, we conclude for several reasons[3]

---

2. Although the italicized sentence in *Thomas* is not entirely unambiguous, we assume, *arguendo* and without deciding the issue, that "a certification" and "a description of agency mailing procedures" constitute alternative means of satisfying the notice requirement, and that if there is a certification, then the mailing procedures need not be described.

3. We do not suggest that each of the reasons enumerated below is necessarily sufficient, standing alone, to warrant reversal of the OAH's Final Order. Cumulatively, however, they make a persuasive case for a remand to the OAH to decide this controversy on its merits.

that in this case, the existence of the Certificate of Service is not sufficient.

First, the Certificate of Service attached to the Scheduling Order did not include in the employer's address the unit number listed on Kidd's stationery. This omission, together with the unrefuted representation by Kidd's counsel that the Scheduling Order was not received, raises at least a plausible possibility that the Order was misdelivered.

■ Second, a Certificate of Service is generally deemed sufficient assurance that notice has been received, for courts apply what is known as the "common law mailbox rule." *Huizar v. Carey*, 273 F.3d 1220, 1223 n. 3 (9th Cir.2001). This rule creates a rebuttable presumption that a letter properly addressed, stamped, and mailed, and not returned to the sender, has been delivered to the addressee. *Toomey v. District of Columbia*, 315 A.2d 565, 567 (D.C.1974) (per curiam); *Columbia Fin. Co. v. Worthy*, 141 A.2d 185, 186 (D.C.1958); *see also* 9 JOHN HENRY WIGMORE, EVIDENCE § 2519 (Chadbourn ed.1981). Here, of course, the letter was incompletely addressed. Evidence that the Scheduling Order was not returned to the sender, *i.e.*, to the OAH, would strengthen the presumption, *see Sitcov v. District of Columbia Bar*, 885 A.2d 289, 302 (D.C.2005); *Columbia Fin. Co.*, 141 A.2d at 187, and perhaps counterbalance the omission of the unit number from the address, but the record in this case contains no affirmative proof that the Scheduling Order was not returned. If the Order was returned, then the OAH was plainly required to undertake further measures to effect service. *Jones v. Flowers*, 126 S.Ct. at 1716–18.

■ Third, Ms. Prince has not filed a brief or otherwise participated in the proceedings in this court. "A party who fails to file a brief will not be heard at oral argument without the permission of the court." D.C.App. R. 31(c). Although denial of the right to present oral argument is the only sanction explicitly mentioned in Rule 31(c), this does not necessarily mean that the court is without authority, in an appropriate case, to consider additional consequences as well. We have indicated that the action to be taken when a party has filed no brief is discretionary: "[W]hile the rules of this court require briefs to be filed by the parties, if a party fails to file a brief, the court *may* nonetheless choose to move ahead with the case." *Short v. District of Columbia Dep't of Employment Servs.*, 723 A.2d 845, 849 (D.C.1998) (emphasis added).

Appellate courts have exercised this discretion in various ways. In *Campos v. New England Oyster House*, 711 F.2d 158 (11th Cir.1983) (per curiam), for example, the court summarily reversed an award of counsel fees because the appellee had failed to file a brief. In a balanced and persuasive opinion in which it discussed precedents from several jurisdictions, the Supreme Court of Illinois held that automatic reversal is inappropriate solely for an appellee's failure to file a brief, reasoning that a "considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal." [4] *First Capitol Mortgage Corp. v. Talandis Const. Corp.*, 63 Ill.2d 128, 345 N.E.2d 493, 494 (1976). The court added, however, that it was not obliged to "serve as an advocate for the appellee ... or required to search the record for the purpose of sustaining the judgment of the trial

---

**4.** *But see Wailes v. Rocky Mountain Pre–Mix Concrete*, 783 P.2d 1138, n. 1 (Wyo.1989) ("In sternest terms, we would warn that summary reversal without extended review could realistically be expected in future cases where an appellee does not file an appellate brief.").

court." *Id.* at 495. Indeed, the court indicated that "if the appellant's brief demonstrates *prima facie* reversible error, and [if] the contentions [in that] brief find support in the record, the judgment of the trial court may be reversed." *Id.* (citations omitted).

In the present case, Ms. Prince was awarded unemployment compensation solely because Kidd did not appear for a scheduled hearing before the OAH. Kidd represents, without contradiction, that it did not receive notice of the hearing. Under these circumstances, we think it appropriate to include in our calculus Ms. Prince's failure to file a brief, to appear for oral argument, and to participate at all in the proceedings before this court.

■ Finally, the District of Columbia has "a strong judicial policy favoring a trial on the merits." *Dunn v. Profitt*, 408 A.2d 991, 993 & n. 3 (D.C.1979) (per curiam); *accord, Macci v. Allstate Ins. Co.*, 917 A.2d 634, 638–39, Nos. 00–CV–1318 & 00–CV–1456 (D.C.App. Feb. 15, 2007). In this case, the only impartial actor who has considered the merits—namely, the DC DOES Claims Examiner—ruled in favor of the employer. Considering the entire history of this controversy, there can be no doubt that the employer has been more conscientious in carrying out its responsibilities as a litigant than Ms. Prince has been. Moreover, this is not a case in which Kidd's failure to appear affected the jurisdiction of the agency, and the OAH was not *required* to rule in Ms. Prince's favor by default.[5]

To be sure, the employer is not entirely without fault in relation to the lack of clarity of the record in this case. Kidd had the right to request reconsideration by the OAH, but it did not do so. *See* 1 DCMR §§ 2832 *et seq.* (2005). In support of a request for reconsideration, Kidd could have brought to the attention of the OAH that it did not receive the Scheduling Order, and it could have pointed out that the address to which that Order was sent did not include Kidd's unit number. The employer could also have explored with the OAH the question whether the Scheduling Order had been returned by the Post Office. Indeed, Kidd was free, under the Rules of the OAH, to seek relief from the Final Order on any of the grounds enumerated in Super. Ct. Civ. R. 60(b). *See* 1 DCMR § 2833.2. Had Kidd taken some or all of these steps, it is possible, and perhaps even probable, that relief could have been obtained from the OAH, and that its petition for review by this court would not have been necessary.

Further, most of Kidd's brief in this court is addressed to the merits of the controversy. The brief includes only a perfunctory discussion of Kidd's claim of lack of notice, which is the only issue ripe for decision by this court. Indeed, the court has received little assistance from Kidd, and no help at all from Ms. Prince, in addressing the procedural questions that are the subject of this opinion. Nevertheless, given Kidd's uncontradicted representation that it did not receive actual notice either of Ms. Prince's appeal or of the hearing at which Kidd failed to appear, and in light of Ms. Prince's non-participation in the proceedings before this court, we conclude that the Order of the OAH awarding benefits to Ms. Prince should be reversed. The case is therefore remanded to the OAH for a hearing on the

---

**5.** *Cf. Bobb*, 900 A.2d at 167, noting that "the ten-day period provided for administrative appeals under the Unemployment Compensa- tion Act is jurisdictional, and failure to file within that period divests an administrative

merits[6] of Ms. Prince's claim for unemployment compensation.

*So ordered.*

tribunal of jurisdiction to hear the appeal." (Citations omitted).

6. Under all of the circumstances described in this opinion, we believe that a remand for determination of the merits is more appropriate than a direction that the OAH further explore the adequacy of the notice to the employer.