*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-AA-1113

PATRICIA V. WOOD, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS, RESPONDENT.

On Petition for Review of an Order of the
District of Columbia Office of Administrative Hearings
(2018-DCRA-000049)

(Submitted February 4, 2021       Decided March 23, 2023[*])

Patricia V. Wood, *pro se*.

*Karl A. Racine*, Attorney General for the District of Columbia at the time, *Loren AliKhan*, Solicitor General at the time, *Caroline S. Van Zile*, Principal Deputy Solicitor General at the time, *Carl J. Schifferle*, Deputy Solicitor General, and *Andrew J. Delaplane*, Assistant Attorney General, were on the brief for respondent.

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. Upon consideration of a motion to publish filed by the District of Columbia Office of the Tenant Advocate, Legal Aid of the District of Columbia, and the Claimant Advocacy Program, and Respondent's opposition thereto, we grant the motion and publish this Opinion.

Before MCLEESE and DEAHL, *Associate Judges*,** and THOMPSON,*** *Senior Judge*.

DEAHL, *Associate Judge*:  Patricia Wood appeals the denial of her motion for reconsideration after the Office of Administrative Hearings (OAH) fined her $1,527 for violations of several provisions of the housing code.  Wood was not present at the hearing that established these violations, and she claims that she was not properly served with notice of the hearing date.  An OAH administrative law judge (ALJ) concluded, based solely on a certificate of service indicating that notice of the hearing had been sent to Wood at her mailing address, that Wood had been properly served.

We agree with Wood that this was error, warranting vacatur of the ALJ's ruling.  The ALJ failed to even consider a number of indications that notice of the hearing date, in fact, had not been sent to Wood's proper mailing address.  Among those indications are the fact that (1) the certificate of service also asserted that notice had been sent to Wood's email address, when in fact it was sent to an errant email

---

** Judge Nebeker was a member of the division at the time this case was submitted.  Following his retirement on December 20, 2021, Judge Ruiz was assigned to take his place on the division.  On February 6, 2023, Judge Deahl was assigned to replace Judge Ruiz on the division.

*** Judge Thompson was an Associate Judge of the court at the time of submission.  She began her service as a Senior Judge on February 18, 2022.

address; and (2) Wood's claim that she had not received notice of the hearing was uncontested (though not affirmatively conceded) and respondent—the District's Department of Consumer and Regulatory Affairs, or DCRA—does not in this appeal seek to cast any doubt on Wood's claim that she did not receive notice of the hearing. In light of those indications that notice was not in fact sent to Wood's proper mailing address, we conclude that it was error to rely solely on the otherwise faulty certificate of service in concluding that Wood had been properly served with notice of the hearing. We therefore vacate OAH's order and remand for further proceedings.

## I.

This case stems from a December 2017 inspection of Wood's Columbia Heights row house by DCRA. That inspection identified three housing code violations: (1) "rotted part(s)" on the house's roof eaves; (2) "hole(s)" in the roof; and (3) "peeling paint" on the roof and porch. Citing to 14 D.C.M.R. § 701.1, which requires structures "be maintained in a sanitary and structurally sound condition," and 14 D.C.M.R. § 704.4, which requires all "exterior surfacing materials [] be kept securely fastened in place," the inspector issued a Notice of Violation (NOV) instructing Wood to abate these conditions within 30 days and warning of a $500-per-violation penalty if she failed to do so.

Wood appealed this NOV, requesting a hearing before an OAH administrative law judge (ALJ). *See* 1 D.C.M.R. §§ 2802.2, 2808.1. Over the following months, Wood exchanged numerous emails with DCRA officials explaining that she was facing "severe financial hardship" and requesting additional time to complete the required repairs. While DCRA granted Wood several short continuances, it denied her request to delay enforcement proceedings by one year. The agency informed Wood that "loan/grant funding" was available to assist in repairing her property, but Wood indicated that she would not apply for a loan without first having a source of income.

At a July 2018 status conference, which Wood attended, DCRA informed the ALJ that the violations remained unabated, and that Wood had taken no steps to rectify them. The agency stated that it planned to re-inspect Wood's home the following month and that, if the damage had not been stabilized, it would issue a Notice of Infraction (NOI) for the violations charged in the NOV. That deadline passed and, several months later, DCRA issued the threatened NOI, assessing a fine of $1,527. Wood contested the NOI and again requested a hearing. After several continuances, the hearing was scheduled for July 15, 2019.

Four days before this hearing, DCRA sought another continuance, citing the unavailability of its counsel. Stating that it had contacted Wood via telephone and email and obtained her consent to the continuance, DCRA requested that the hearing be rescheduled for September 5, 2019. While OAH granted a continuance, its July 15, 2019, rescheduling order set the new hearing date for August 6—just three weeks away and one month earlier than the date requested by DCRA and consented to by Wood. That July 15 order rescheduling the hearing was accompanied by a certificate of service indicating that it had been sent to Wood by both first class mail and email, and the certificate listed Wood's correct home and email addresses. The order was actually sent to an incorrect email address—largely redacted here—which included a "Wood<u>Y</u>" that should have been a "Wood<u>V</u>," so that Wood never received the email notification.

Wood did not attend the August 6 hearing, which proceeded in her absence after the ALJ found that she was provided with adequate notice. *See* D.C. Code § 2-1802.03(b). Based on DCRA's unrebutted evidence, the ALJ concluded that the agency had met its burden of establishing the housing code violations charged in the NOV and NOI. Specifically referencing Wood's failure to present evidence of mitigating factors, the ALJ assessed the full fine of $1,527 and sent Wood notice of the determination and fine via email on August 12, 2019.

Eleven days later, Wood sent OAH a "request to change final order," citing the agency's failure to provide "a complete hearing on the issues that have been cited." She noted that DCRA's motion to continue had requested a September 5 hearing, and stated that "[t]hat was the last date that I was provided notice of for hearing." She further referenced "erroneous information" introduced at the hearing in her absence.

The ALJ denied her request, which it construed as a motion for reconsideration. Stating that "notice of the hearing was mailed to [Wood's] last known address and not returned," the ALJ concluded that she was provided with the required notice. Moreover, it noted that under the applicable regulations, a motion for reconsideration on the grounds that a party did not attend the hearing must "state[] an adequate claim or defense," which Wood's motion failed to do.

Wood now petitions this court for review.

## II.

We review OAH decisions to determine whether "(1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact."

*Rodriguez v. Filene's Basement Inc.*, 905 A.2d 177, 180 (D.C. 2006). Though our review is deferential, we will reverse if a decision is "[a]rbitary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C. Code § 2-510(a)(3)(A).

In this appeal, Wood argues that OAH should have granted her motion for reconsideration for two reasons. First, she claims that she was never notified of the August 6 hearing, giving her no "opportunity to present any information regarding the Notices of Violation." Second, she argues that the conditions observed by the DCRA inspector did not constitute violations of the District's housing code. We conclude that, because the ALJ's findings did not address a number of indications that service was not proper in this case, we must vacate the challenged order based on Wood's first contention. We therefore do not reach Wood's second argument.

District residents are entitled to "fair and adequate notice of administrative proceedings that will affect [their] rights, in order that [they] may have an opportunity to defend [their] position." *Carroll v. D.C. Dep't of Emp. Servs.*, 487 A.2d 622, 623 (D.C. 1985). To satisfy this requirement, agencies must employ "a method reasonably calculated to afford the party an opportunity to be heard." *Id.* (quotation marks omitted). In general, mailing notice of a hearing to interested

parties is enough to satisfy this requirement, provided the notice is not returned to the sender. *Kidd Int'l Home Care v. Prince*, 917 A.2d 1083, 1086 (D.C. 2007). This is true even if that mailing goes awry, as "[a]dequate notice, rather than actual notice, is all that the Constitution guarantees." *Id.* (internal quotation marks omitted). However, when an agency elects to proceed in a party's absence, "the agency has the burden of establishing that it provided the required notice." *Meriedy v. Tenleytown Trash*, 268 A.3d 1236, 1239 (D.C. 2022). And like all factual findings, a conclusion that notice was provided to an absent party must be supported by substantial evidence.

In its order denying Wood's motion for reconsideration on the basis that she had been properly served with notice of the hearing, the ALJ seemed to treat the July 15 certificate of service, indicating that notice was timely sent to Wood's email and mailing addresses, as conclusive evidence that Wood had been properly served. While a dated certificate alone may sometimes be sufficient to support a conclusion that a party was in fact properly served, *see Kidd*, 917 A.2d at 1087, that is not invariably true. For instance, in *Savage-Bey v. La Petite Academy*, we observed that where a claimant in fact "did not receive the [notice] in the mail," that "established the possibility that the [notice] was not actually mailed." 50 A.3d 1055, 1060-61 (D.C. 2012) (cleaned up). And here, the ALJ never purported to credit or discredit

Wood's unchallenged claim that she, in fact, never received advance notice of the August 6 hearing. If Wood were to be credited on that point, it would give rise to a strong inference that notice was not in fact properly mailed to her.

But there is further evidence still that notice was not properly mailed to Wood, though the ALJ did not give it any consideration when it erroneously treated the certificate of service as conclusive evidence that Wood had been properly served with notice of the hearing. There is undisputed evidence that the certificate was inaccurate in one critical respect—the order was not sent to the email address indicated on the certificate, but instead to a different and erroneous one. The fact that there was one material error in the certificate of service is at least some evidence that there may have been others, affecting if or where the notice was actually mailed. We thus do not think the certificate of service alone was sufficient to support a finding that OAH provided Wood with adequate notice of the hearing, given the above indications to the contrary.

*Meriedy*, *supra*, is illustrative on this point. That case involved an adjudication of a claim for unemployment benefits in which OAH held a hearing in the claimant's absence. 268 A.3d at 1237. The claimant moved for reconsideration, stating that he had not received notice of the hearing until the day after it was held.

The ALJ declined to reconsider her ruling, reasoning that based on the certificate of service, OAH had provided the claimant sufficient notice of the hearing. *Id.* at 1238. We reversed, observing that while the certificate of service indicated that notice of the hearing had been mailed to the claimant's address, the certificate did not state when that mailing actually took place. *Id.* at 1240. As such, we concluded that the agency had not met its burden of demonstrating that it had mailed the notice with sufficient lead time to permit the claimant to attend the hearing. *Id.*

This case presents a similar scenario. As explained, the only evidence that Wood was properly notified was the faulty certificate of service. The ALJ forwent any additional fact-finding on this point, conducting no inquiry into either the service itself or the credibility of Wood's claim that she never received the notice. In fact, in defending the ALJ's ruling before this court, DCRA skips right by Wood's principal complaint on appeal that she was not properly served with notice of the hearing, offering only a bare assertion that Wood received "proper service" without elaboration. Its failure to contend with the strong indications that Wood was not properly served, much like the ALJ's own, contribute to our conclusion that the ALJ erred in this case.

This is not to say, as a matter of law, that service was improper, or that substantial evidence could not ultimately support a finding that service was proper. It is possible that the ALJ might discredit Wood's assertion that she did not receive notice of the hearing. Or the ALJ might further scrutinize and make factual findings about how OAH implemented the mailings indicated in the certificate of service, and conclude that any error in the certificate was isolated to the email address for Wood, supporting a conclusion that the letter notice went to the proper mailing address. But we have no factual findings like that in the record before us, and instead we confront a ruling that seems to take it as a given that certificates of service are accurate even when there is clear evidence to the contrary. We cannot endorse that reasoning. On remand, OAH may elect to further probe and make factual findings about whether service was in fact proper despite these contrary indications, or it might be a more efficient use of the agency's resources to allow Wood to state her case at a hearing that she more clearly has notice of before ruling on the merits.

As for DCRA's position in this proceeding, it offers no substantive defense of the ALJ's finding that Wood was properly served, and instead argues that even if Wood had not received notice of the August 6 hearing, the ALJ was nonetheless justified in denying her motion for reconsideration. Pointing to 1 D.C.M.R. § 2828.5(a), DCRA claims that a party moving for reconsideration on the grounds

that they did not attend the hearing must "state[] an adequate claim or defense," and that Wood's motion failed to do so.  But we rejected precisely this argument in *Meriedy*, explaining that this regulation applies only to cases where the agency provided timely notice, but the interested party nonetheless failed to attend the hearing.  268 A.3d at 1240.  Here, where there are insufficient findings to conclude that proper notice of the proceeding was sent to Wood, Wood's entitlement to a new hearing does not depend on "whether an adequate claim or defense has been stated." *Id.*

**III.**

OAH's order is vacated and the case is remanded for further proceedings.

*So ordered.*